UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BLACK,                )
                                  )
              Petitioner,      )
                                  )
          v.                  )  C.A. No.  05-40150-NG
                                  )
DAVID L. WINN, WARDEN,     )
FMC DEVENS.               )
              Respondent.    )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below: (1) Petitioner Black's Application to Proceed *in forma pauperis* is Allowed; (2) Petitioner's request for appointment of counsel is denied without prejudice; and (3) The clerk shall serve the § 2241 petition and the Respondent shall file a response to the petition.

<u>FACTS</u>

On August 29, 2005, Petitioner Michael Black, currently an inmate at FMC Devens in Ayer, MA, filed his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, seeking to vacate his drug conviction, asserting his "actual innocence," and claiming that a motion pursuant to 28 U.S.C. § 2255 is an inadequate and ineffective remedy to test the legality of his detention.

Black claims, *inter alia,* that his actual innocence is established by a decision of three United States Appellate Judges, who determined, after a *de novo* review of the government's independent source and chief non-testifying witness, Mr. Foster, that Mr. Foster's statement to the government did not establish the identity of the other caller on the telephone with him. Petition at 5, ¶1.  Black also contends that Mr. Foster wrote in a letter to Black's attorney that he was not sure who was speaking with and that he had explained this to the prosecution.  <u>Id.</u> at 6, ¶ 2.  He further alleges that Mr. Foster identified a person named "Richson" as the person to whom

he was to deliver the drugs, and that Richson had been a fugitive as a result of 1998 federal drug

charges.  Id. at 6, ¶ 3.   Black also claims that he lived in a completely different township, miles

away from the location to where Mr. Foster was taking the drugs. Id. at 6, ¶ 4.   Black alleges

that Mr. Foster attempted to tell the prosecutor and the lead agent that he has never engaged in a

conversation with him or dealt drugs before. Id. at 6, ¶ 6.   As further support for his claims,

Black also points to the fact that the United States Customs Service returned seized funds which

were alleged to be profits of a drug conspiracy, but which, Black asserts, were sums of money

obtained from social security benefits due to his disability from an injury that has left him

paralyzed from the chest down. Id. at 6, ¶ 7.   Black also maintains that cell phone telephone

records after Black's arrest, and during the time he was in federal custody in 1998, demonstrate

that another person had called Mr. Foster.  Id. at 6, ¶ 8.   Finally, Black claims that a reliable

witness, Erroll Bailey, was at Black's home during the arrest, and he attests that no drug

transaction of any kind was ever made at Black's home. Id. at 6, ¶ 9.

Accompanying his petition was an Application to Proceed Without Prepayment of Fees,

and a request for appointment of counsel.

<u>ANALYSIS</u>

I.  <u>The IFP Application Is Allowed</u>

Based on Black's financial disclosures and prison account information, the Court finds he

has demonstrated he qualifies for *in forma pauperis* status, and his Application to Proceed

Without Prepayment of Fees is Allowed.

II.    <u>Request for Appointment of Counsel</u>

2

Petitioner's has requested appointment of counsel in this action.  Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. §2241, §2254, or §2255.  Funds for representation are payable as prescribed in Criminal Justice Act, and appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B).  The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel.  Dellenbach  v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1ˢᵗ Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers v. Moran, 949 F. 2d 15, 23 (1ˢᵗ Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  DesRosiers, 949 F. 2d at 23-24 (citations omitted).

On the record,  Petitioner has not demonstrated the kind of  "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. § 3006A.  There is no indication in the pleadings in this case that the Petitioner is unable to represent himself competently due to lack of

mental capacity or lack of understanding of the English language.  In fact, Petitioner's pleadings appear to be well-organized and coherent, suggesting a proficiency in the English language and substantial familiarity with legal terms and procedures, and relevant substantive law.  The fact that Petitioner is a prisoner and is unable to retain his own counsel, or that absent counsel, he may not be on a level playing field with the Respondent, is insufficient to justify appointment of counsel at this juncture.   If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* habeas prisoner would qualify.  Moreover, at this time the petition does not appear to present complex or novel issues of law or fact which would otherwise warrant appointment of counsel.

Accordingly, the request for appointment of counsel is denied without prejudice to renew the request upon the filing of a separate Motion for Appointment of Counsel after the Respondent has filed a response to the petition, and upon a showing that it is in the interests of justice to appoint counsel for the Petitioner, in view of any issues which may be raised in the Respondent's response.

III.    Service Order for Response by Respondent

It is Further ORDERED that:

(1)  The Clerk of this Court shall serve a copy of the Petition upon (i) David Winn, Warden, FMC Devens, P.O. Box 879, Ayer, Massachusetts 01432; AND (ii) the United States Attorney; and

(2)    The Respondent shall, within 20 days of receipt of this Order, file an answer or other responsive pleading.

4

<u>CONCLUSION</u>

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1.    Petitioner's Application to Proceed *in forma pauperis* is ALLOWED;

2.    Petitioner's request for appointment of counsel is denied without prejudice to renew after the Respondent has filed a response to the petition; and

3.    The Respondent David Winn, Warden, shall file a response to the Petition in accordance with this Memorandum and Order.


SO ORDERED.


Dated: September 1, 2005                    <u>/s/ Nancy Gertner</u>
                                            NANCY GERTNER
                                            UNITED STATES DISTRICT JUDGE

5