UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| MICHAEL BLACK ) | C.A. NO. 05-40150-NG |
| v. ) |   |
| DAVID L. WINN, WARDEN ) FMC DEVENS. ) |   |

### UNITED STATES' MOTION TO DISMISS
### §2241 PETITION FOR WANT OF JURISDICTION

The government asks the Court to dismiss petitioner Michael Black's §2241 petition because it is really a successive §2255 claim that should have been brought in the Seventh Circuit, and he has not established entitlement to bring a §2241 "savings clause" petition. While the government is filing this motion electronically, it will file the voluminous attachments in hard copy only.

**Procedural History**

On June 6, 1999, a jury in the Northern District of Illinois found Black guilty of conspiring and attempting to distribute heroin [Attachment A (docket entry 179)]. On September 29, 1999, he was sentenced to 168 months' incarceration [Attachment A (docket entry 217)]. Black did not file a direct appeal from his conviction,[1] and therefore the judgment became final 10 days after the judgment in his criminal case entered on the docket, in October 1999.

---

[1] It appears that he entered into an advantageous post-trial agreement with the government pursuant to which he relinquished his right to file a direct appeal. [Attachment B at 4].

On May 30, 2000, however, Black filed a §2255 petition in the District Court for the Northern District of Illinois alleging ineffective assistance of counsel [Attachment B at 4-6]. That court denied Black's petition on July 10, 2000, finding that his claims failed to satisfy Strickland v. Washington, 466 U.S. 668 (1984) [Attachment C]. Black then filed a series of requests for a certificate of appealability, all of which were denied, and another series of motions to set aside judgment pursuant to Rule 60(b), all of which were similarly denied [Attachment D at 2-3].

On November 4, 2004, while incarcerated at Fort Devens, Black filed a petition pursuant to 28 U.S.C. §2241 [Attachment D at 1]. He alleged that his conviction resulted from a violation of the Confrontation Clause and the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004). On November 29, 2004, the district court (Woodlock, J.) dismissed the petition [Attachment D]. Black then appealed, and, on May 4, 2005, the First Circuit affirmed the dismissal, concluding that the proper forum for Black's claim was the District Court for the Northern District of Illinois [Attachment E].

Black then filed an application with the Seventh Circuit to file a second or successive §2255 petition [Attachment F]. The Seventh Circuit denied this application, finding that the evidence that Black submitted to the court demonstrated that his Crawford claim would fail on the merits. Id.

On August 22, 2005, Black filed the above-captioned §2241 petition with the Court. The essence of his claim is that he is "actually innocent," and he submits nine exhibits in support of this assertion. He argues that because he is actually innocent, his procedural

default should be excused[2] and his §2241 "savings clause" petition should be allowed. In a September 1, 2005 Memorandum and Order, the Court allowed Black's application to proceed *in forma pauperis*, denied his request for appointment of counsel, and asked the government to respond to the petition.

## The District Court Should Dismiss Black's Petition

Ordinarily, a federal prisoner may collaterally attack his conviction, if at all, only through a motion to correct or vacate his sentence under 28 U.S.C. §2255, and not through a petition for a writ of habeas corpus under 28 U.S.C. §2241. Section 2241 is normally the vehicle to attack the execution, and not the validity, of a conviction or sentence. United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999).

Section 2255 poses obstacles for Black's claim, however. He has already filed a §2255 petition, and another §2255 petition in the Eastern District of Illinois would constitute a successive petition requiring approval by the Seventh Circuit Court of Appeals.[3]

Nor does §2241 "save" Black's claim. Under §2255's "savings clause," a prisoner may seek habeas relief if §2255 is "inadequate or ineffective to test the legality of his

---

[2] "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' * * * or that he is 'actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998). *See* United States v. Frady, 456 U.S. 152, 167-168 (1982).

[3] Section 2255 provides that "[a] second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals."

detention."[4]   Section 2255 is not "inadequate or ineffective" simply because a prisoner has been denied permission or is likely to be denied permission to file a second or successive motion under §2255. *See* Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) (collecting cases). As numerous courts have noted, such a result would "nullify" the limitations that Congress has placed on collateral review. *See, e.g.*, Barrett, 178 F.3d at 50; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

While this Court has not defined the exact parameters of the "savings clause," it has made clear that the "savings clause" cannot be used to circumvent limitations imposed by Congress, Barrett, 178 F.3d at 50, and that its reach should be no broader than that identified by those circuit courts which have applied the clause to grant relief to post-Bailey[5]

---

[4]The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[5]In Bailey v. United States, 516 U.S. 137 (1995), the Supreme Court clarified the meaning of the term "use" in 18 U.S.C. §924(c), rendering it inapplicable to "fortress" cases. Courts have held that Bailey claims do not involve a "new rule of constitutional law" or "newly-discovered evidence," and therefore do not satisfy §2255's gate-keeping requirements for successive petitions. *See, e.g.*, In re Davenport, 147 F.3d 611; Triestman v. United States, 124 F.3d 361, 371-372 (2nd Cir. 1997); and In re Dorsainvil, 119 F.3d 245, 247-248 (3rd Cir. 1997). These courts have also held that in some circumstances, post-Bailey defendants may press their Bailey claims in a §2241 petition. In United States v. Prevatte, 300 F.3d 792 (7th Cir. 2002), the Seventh Circuit held that a claim based on Jones v. United States, 529 U.S. 848 (2000), might be similar to a Bailey claim and cognizable under §2241.

defendants.  Barrett noted that these courts have limited the use of the "savings clause" to situations where a defendant is actually innocent of the charges because the crime no longer exists and cannot bring his claim under §2255.[6]  Id. At 51 (citing Davenport, 147 F.3d at 611).

Since Barrett (and the cases cited there), other courts have found the "savings clause's"application to be similarly narrow.  See Jiminian v. Nash, 245 F.3d 144 (2nd Cir. 2001) ("§2255 is not inadequate or ineffective, such that a federal prisoner may file a §2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior §2255 motion"); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (without defining the exact scope of the "savings clause," the Fifth Circuit ruled that it "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion"); United States v. Lurie,

---

[6]In Davenport, the Seventh Circuit held that §2255 may be inadequate or ineffective "when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  147 F.3d at 611.  And in Dorsainvil, the Third Circuit stated that "[i]f...it is a 'complete miscarriage of justice' to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by §2255, it must follow that it is the same 'complete miscarriage of justice' when the AEDPA amendment to §2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by §2255 is "inadequate or ineffective.").  119 F.3d at 251.  *See also* Barrett, 178 F.3d at 51.

207 F.3d 1075, 1077 (8th Cir. 2000) (§2255 "is not inadequate or ineffective merely because §2255 relief has already been denied..., or because petitioner has been denied permission to file a second or successive §2255 motion..., or because a second or successive §2255 motion has been dismissed..., or because petitioner has allowed the one year statute of limitations and/or grace period to expire."); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (without defining the exact reach of the "savings clause," the Eleventh Circuit held that it "applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion," and in any event does not apply "to free a prisoner of the effects of his failure to rise an available claim earlier.").

Black's §2241 petition does not warrant review under the "savings clause" merely because he cannot obtain review under the successive petition rules. Nor does his assertion that he is actually innocent of the crimes of conviction change this analysis. He supports his assertion with nine exhibits, which he has attached to his motion. He does not claim, however, that any of this material is newly discovered evidence; in fact, most of it predates his trial and presumably was provided to the defense during discovery. And he provides no explanation for why he could not have raised his "actual innocence" claim in his initial §2255 petition.

Black's Exhibit A is the Seventh Circuit's Order denying his application for

6

permission to file a second §2255 petition – this certainly does not constitute newly-discovered evidence. Exhibit B appears to be a 8/24/99 letter from one of Black's co-defendants; Black attached this letter to his initial §2255 petition in the Northern District of Illinois [Attachment B], so it is certainly not new. Exhibits C-F and H appear to be reports, a transcript, and phone records prepared before Black's conviction. Absent some allegation, and supporting evidence, that the government failed to properly produce them to him or his attorneys, this material is not newly-discovered. Exhibit G is an 8/28/02 check for $3,910 from the Customs Service to Black, which he claims is the return of seized proceeds. While this check post-dates his initial §2255 petition, it does not support a claim of actual innocence. Finally, Exhibit I is a 1/11/03 affidavit from Erroll Bailey, a friend of Black's, stating that he was at Black's home at the time of Black's arrest and did not observe a drug deal. While the affidavit again post-dates Black's initial §2255 petition, and the information it contains is arguably exculpatory, Black cannot seriously claim that he only recently became aware of this witness or his testimony, and it therefore does not constitute newly-discovered evidence.

While Black claims that the exhibits to his petition demonstrate that he is "actually innocent," he has failed to even suggest that any of this allegedly-exculpatory material is newly-discovered. He has therefore failed to establish that his claim comes within the "savings clause" of §2255.[7]

---

[7] The petitioner carries the burden of demonstrating that §2255 is inadequate or ineffective. <u>Reyes-Requena</u>, 243 F.3d at 901; <u>Lurie</u>, 207 F.3d at 1078.

**Conclusion**

In short, Black's §2241 petition is really a successive §2255 claim that should have been brought in the Seventh Circuit, and he has not established entitlement to bring a §2241 "savings clause" petition. Accordingly the government respectfully requests that the Court dismiss his §2241 petition for want of jurisdiction.[8]

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Adam J. Bookbinder
Adam J. Bookbinder
Assistant U.S. Attorney

Date:  October 21, 2005

---

[8] If the Court finds it cannot dismiss the petition, the government asks for the opportunity to further brief the petition's merits.

CERTIFICATE OF SERVICE

      This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

      Michael Black
      Reg. No. 1135-424
      F.M.C. Devens
      P.O. Box 879
      Ayer, MA 01432

Date: October 21, 2005

                              /s/ Adam Bookbinder
                              Adam J. Bookbinder
                              Assistant U.S. Attorney