UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 21  P 4: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| MICHAEL BLACK | ) | C.A. NO. 05-40150-NG |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| DAVID L. WINN, WARDEN | ) |  |
| FMC DEVENS. | ) |  |

## ATTACHMENTS TO
## UNITED STATES' MOTION TO DISMISS
## §2241 PETITION FOR WANT OF JURISDICTION

Because these attachments are voluminous, they are being filed in hard copy only.

The motion is being filed electronically.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: 

Adam J. Bookbinder
Assistant U.S. Attorney

Date:   October 21, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Michael Black
Reg. No. 1135-424
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

Date: October 21, 2005

Adam J. Bookbinder
Assistant U.S. Attorney

## United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 2.3 (Chicago)
## CRIMINAL DOCKET FOR CASE #: 1:98-cr-00434-9

Case title: USA v. Nakigiozi, et al                    Date Filed: 06/13/1998

Assigned to: Hon. Milton I. Shadur

**Defendant**

**Michael Black** (9)                    represented by **Michael Black**
                                         #11354-424
                                         Butner - FMC
                                         P.O. Box 1600, Old NC Hwy. 75
                                         Butner, NC 27509
                                         PRO SE

                                         **Harold Mark Garfinkel**
                                         Law Offices of Hal Garfinkel
                                         111 West Washington #1301
                                         Chicago, IL 60602
                                         (312) 527-5311
                                         *TERMINATED: 06/11/1999*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*
                                         *Designation: Retained*

**Pending Counts**                       **Disposition**

21:846=NP.F CONSPIRACY TO                The defendant is hereby committed to
POSSESS NARCOTICS                        the custody of the United States Bureau
(2)                                      of Prisons to be imprisoned for a total
                                         term of one hundred sixty eight (168)
                                         months as to counts two (2) and eight
                                         (8) to run concurrently. The defendant
                                         is remanded to the custody of the
                                         United States Marshal. Upon release
                                         from imprisonment the defendant shall
                                         be on supervised release for a term of
                                         five (5) years as to counts two (2) and
                                         eight (8) to run concurrently. Criminal
                                         monetary penalties. Schedule of
                                         payments. Statement of reasons.

                                         The defendant is hereby committed to
                                         the custody of the United States Bureau
                                         of Prisons to be imprisoned for a total
                                         term of one hundred sixty eight (168)
                                         months as to counts two (2) and eight

<div style="columns:2">

21:846=NP.F CONSPIRACY TO
POSSESS NARCOTICS
(8)

(8) to run concurrently. The defendant
is remanded to the custody of the
United States Marshal. Upon release
from imprisonment the defendant shall
be on supervised release for a term of
five (5) years as to counts two (2) and
eight (8) to run concurrently. Criminal
monetary penalties. Schedule of
payments. Statement of reasons.

</div>

## Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:922G.F UNLAWFUL TRANSPORT OF FIREARMS, ETC. (9) | d |
| 18:922K.F SELL DEFACED FIREARMS (10) | d |

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

## Plaintiff

| | | |
|---|---|---|
| **United States of America** | represented by | **AUSA** United States Attorney's Office 219 South Dearborn Street Suite 500 Chicago, IL 60604 (312) 353-5300 *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Pretrial Services** 435-5545 Email: ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov *ATTORNEY TO BE NOTICED* |

**Probation Department**

408-5197
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/1998 | 10 | DESIGNATION SHEET FELONY Category 3 (kmt) (Entered: 09/22/1998) |
| 10/03/1998 | | DEFENDANT Michael Black arrested (kmt) Modified on 03/01/1999 (Entered: 10/28/1998) |
| 10/27/1998 | 25 | SUPERSEDING indictment Nasim Nakigiozi (1) count(s) 1s, 2s, 5s, Aigbe Uwadiale (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, Emmanual Richson (3) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, Taiwo Babatunde Obayemi (4) count (s) 1s, 2s, 6s, Abayomi Adetokunbo Togun (5) count(s) 1, 2, 3, Ekorie Egelle (6) count(s) 1, 2, 7, Taiwo Oloduro (7) count(s) 1, 2, 7, Emmanuel Foster (8) count(s) 1, 2, 8, Michael Black (9) count(s) 2, 8, 9, 10 (kmt) (Entered: 10/28/1998) |
| 10/27/1998 | 26 | DESIGNATION SHEET FELONY Category 3 (kmt) (Entered: 10/28/1998) |
| 10/27/1998 | | FOR previous entries see 98 CR 716 as to Michael Black (kmt) (Entered: 10/28/1998) |
| 10/27/1998 | 27 | MINUTE ORDER of 10/27/98 by Hon. Nan R. Nolan as to Nasim Nakigiozi, Aigbe Uwadiale, Emmanual Richson, Taiwo Babatunde Obayemi, Abayomi Adetokunbo Togun, Ekorie Egelle, Taiwo Oloduro, Emmanuel Foster, Michael Black : To issue bench warratn: the government will seek to have defnedant detained without bond pursuant to title 18, United States Code, section 3142 as to Aigbe Uwadiale, granted. Bond set in 98 Cr 434 to stand as bond in this instance aas to Nasim Nakigiozi, Emmanuel Richson and Taiwo babatunde Obayemi, granted. Bond set by magistrate in 98 CR 401 to stand as bond in this instance as to abyomi adetokunbo Togun, granted. Bond set by magistrate in 98 CR 715 to stand as bond in this instance as to Ekorie Egelle, Taiwo Oloduro and Emmanuel Foster, granted. Bond set by magistrate in 98 CR 716 to stand as bond in this instance as to Michael Black, granted. Enter order. No notice (kmt) (Entered: 10/28/1998) |
| 10/28/1998 | 28 | ARRAIGNMENT NOTICE: Before Hon. Milton I. Shadur as to Abayomi Adetokunbo Togun, Ekorie Egelle, Taiwo Oloduro, Emmanuel Foster, Michael Black : Arraignment and plea set for 11/10/98 at 1:15 p.m. Mailed notice (kmt) (Entered: 10/28/1998) |
| 10/28/1998 | 34 | MINUTE ORDER of 10/28/98 by Hon. Milton I. Shadur as to all defendants: Status hearing set for 11/10/98 at 1:15 p.m. The current briefing schedule for motions is vacated as to all defendants. s court finds that the excludable currently in effect, continued to and including 11/10/98. mailed notice (kmt) (Entered: 11/05/1998) |

G.Add. 3

3/15/2005

| 11/16/1998 | 39 | MOTION by Michael Black for review of Magistrate's detention order (Attachment); Notice of filing. (emd) (Entered: 11/19/1998) |
|---|---|---|
| 11/19/1998 | 40 | TEMPORARY DETENTION ORDER ng defendant's de novo review of magistrate's order as to defendant Michael Black (kmt) (Entered: 11/20/1998) |
| 11/19/1998 | 41 | MINUTE ORDER of 11/19/98 by Hon. Milton I. Shadur as to defendant Michael Black : Enter temporary detention order pending defendant's De Novo review of magistrate's order. Should efendant remain in Chicago pending the 11/23/98 hearing date, the government, through the United States Marshal, shall be ordered by this court to take appropriate measures to ensure that defendant's medical conditions are properly addressed during his custody. Mailed notice (kmt) (Entered: 11/20/1998) |
| 11/19/1998 | 42 | MINUTE ORDER of 11/19/98 by Hon. Milton I. Shadur as to defendant Michael Black : Arraignment held. Defendant Michael Black enters not guilty plea to all charges. 2.04 conference to be completed by 12/1/98. Defense motions due 12/11/98. Government's respose due 12/28/98. Status hearing set for 01/08/99 at 1:15 p.m. Hearing on review of detention order set for 11/23/98 at 11:00 a.m. This court finds that the time from today to and including 01/08/99 is excludable under 18:3161 (h)(1) of the Speedy Trial act and the Tibboel case. Mailed notice (kmt) (Entered: 11/20/1998) |
| 11/19/1998 | 43 | APPEARANCE of Attorney for Michael Black by Harold Mark Garfinkel (kmt) (Entered: 11/23/1998) |
| 11/23/1998 | 45 | MINUTE ORDER of 11/23/98 by Hon. Milton I. Shadur as to Michael Black : After a hearing on the review of defendant's detention order, release is granted on conditions stated in release order. Bond is set at $31,000 secured by quit claim deeds to the property at 1127 E. 82nd Place and 7128 S. Prairie Ave. Bond executed, defendant released. Mailed notice (dmk) (Entered: 11/27/1998) |
| 11/23/1998 | 46 | ORDER by Hon. Milton I. Shadur setting conditions of release for Michael Black in the amount of $31,000.00 surety (For further detail see order.) (dmk) (Entered: 11/27/1998) |
| 11/23/1998 | 47 | BOND ( $31,000.00 surety) by Michael Black (Rec. No. 100524293) (dmk) (Entered: 11/27/1998) |
| 11/23/1998 | 48 | FORFEITURE AGREEMENT by Michael Black (dmk) (Entered: 11/27/1998) |
| 12/11/1998 | 54 | MOTION by Michael Black for extension of time to file pretrial motions ; Notice of motion; Notice of filing. (emd) (Entered: 12/16/1998) |
| 12/15/1998 | 55 | MINUTE ORDER of 12/15/98 by Hon. Milton I. Shadur as to Michael Black : Motion for extension of time to file pretrial motions granted [54-1]. Defendant has to and including 12/31/98 in which to file defense motions. Government's response is due 1/14/99. Status hearing of 1/8/99 stands. Mailed notice (emd) (Entered: 12/16/1998) |

**G.Add. 4**

| 12/30/1998 | 74 | MOTION by defendant Michael Black for early return of trial subpoenas (kmt) (Entered: 01/11/1999) |
|---|---|---|
| 12/30/1998 | 75 | MOTION by defendant Michael Black to preserve handwritten notes of government agents (kmt) (Entered: 01/11/1999) |
| 12/30/1998 | 76 | MOTION by defendant Michael Black to quash search warrant, arrest warrant , and to suppress evidence (kmt) (Entered: 01/11/1999) |
| 12/30/1998 | 77 | MOTION by defendant Michael Black to suppress tape recorded conversations (kmt) (Entered: 01/11/1999) |
| 12/30/1998 | 78 | MOTION by defendant Michael Black for production of summary of expert's testimony and statements (kmt) (Entered: 01/11/1999) |
| 12/30/1998 | 79 | MOTION by defendant Michael Black for production of informants and witness list (kmt) (Entered: 01/11/1999) |
| 12/30/1998 | 80 | MOTION by defendant Michael Black for disclosure of impeaching and exculpatory information (kmt) (Entered: 01/11/1999) |
| 12/30/1998 | 81 | MOTION by defendant Michael Black to require notice of intention to use other crimes, wrongs or acts evidence ; Notice of filing (kmt) (Entered: 01/11/1999) |
| 01/08/1999 | 82 | MINUTE ORDER of 1/8/99 by Hon. Milton I. Shadur as to defendant Michael Black : Defendant's motion for early return of trial subpoenas granted [74-1]. Defendant's motion to preserve handwritten notes of government agents [75-1] is moot. Defendant's motion to quash search warrant, arrest warrant [76-1] and to suppress tape recorded conversations [77-1] are entered and continued. Government's response is to be filed on or before 1/20/99. Defendant's reply is due 1/27/99.Defendant's motion for production of summary of expert's testimony and statements granted [78-1]. Defendant's motion for production of informants and witness list denied [79-1]. Defendant's motion to require notice of intention to use other crimes, wrongs or acts evidence granted as to 404(b) and denied as to 608(b)[81-1]. Defendant's motion for disclosure of impeaching and exculpatory information granted [80-1]. Status hearing held; continued to 2/3/99 at 1:15 p.m. Mailed notice (kmt) (Entered: 01/11/1999) |
| 01/13/1999 | 87 | MEMORANDUM Order to all counsel appointed under the Criminal Justice Act in the above encaptioned case as to all defendants (kmt) (Entered: 01/19/1999) |
| 01/13/1999 | 88 | MINUTE ORDER of 1/13/99 by Hon. Milton I. Shadur as to all defendants: Enter memorandum order to all counsel appointed under the Criminal Justice Act in the above encaptioned case. The first interim voucher shall be submitted within thirty (30) days of this order and shall include your representation and reimbursable expenses for the period from your appointment to the date of this order. No notice (kmt) (Entered: 01/19/1999) |
| 01/20/1999 | 90 | RESPONSE by plaintiff to defendant Black's motions to suppress [77- |

G.Add. 5

| | | 1],and quash [76-1], [76-2] (Exhibit)(Attachments); Notice of filing (kmt) (Entered: 01/21/1999) |
|---|---|---|
| 01/26/1999 | 91 | MEMORANDUM Order as to defendant Michael Black (kmt) (Entered: 01/27/1999) |
| 01/26/1999 | 92 | MINUTE ORDER of 1/26/99 by Hon. Milton I. Shadur as to defendant Michael Black : Enter memorandum order. Black's counsel are ordered to file a reply memorandum in this court's chambers on or before 2/2/99 (this case having previously been set for a status hearing on 02/03/99.) Mailed notice (kmt) (Entered: 01/27/1999) |
| 02/02/1999 | 98 | REPLY by defendant Michael Black regarding response to defendant's motion to suppress tape recorded conversations and search and arrest warrants [76-1], [76-2]; Notice of filing (kmt) (Entered: 02/09/1999) |
| 02/03/1999 | 100 | MINUTE ORDER of 2/3/99 by Hon. Milton I. Shadur as to all defendants: Status hearing held. This court finds the time from today to and including 3/1/99 is excludable under 18:3161(h)(8)(a) and (b)(2) of the Speedy Trial Act. Counsel are directed to inform this court of their unavailabilities for trial during the months of May and June. Mailed notice (kmt) (Entered: 02/09/1999) |
| 02/19/1999 | 108 | MINUTE ORDER of 2/19/99 by Hon. Milton I. Shadur as to defendants: Jury selection and trial is set to begin on 05/25/99. This court finds that the excludable currently in effect continues to 05/25/99 18:3161(h)(8)(a) and (b)(2) Mailed notice (pmp) Modified on 03/01/1999 (Entered: 02/24/1999) |
| 03/02/1999 | 114 | MOTION by defendant Michael Black to temporarily leave the court's jurisdiction to attned relative's funeral ; Notice of filing (kmt) (Entered: 03/04/1999) |
| 03/02/1999 | 117 | MINUTE ORDER of 3/2/99 by Hon. Milton I. Shadur as to Michael Black : Defendant's unopposed motion to temporarily leave the court's jurisdiction to and travel to Michigan to attend the funeral of Joseph Jackson is granted [114-1] Mailed notice (pmp) (Entered: 03/05/1999) |
| 03/12/1999 | 118 | MEMORANDUM Order as to defendant Michael Black (kmt) (Entered: 03/15/1999) |
| 03/12/1999 | 119 | MINUTE ORDER of 3/12/99 by Hon. Milton I. Shadur as to defendant Michael Black : Enter memorandum order. Based on what has been sent out in that reply, this court agrees that an evidentiary hearing is required to resolve the two motions. Becasue the case is set for trial 5/26/99 and becasue this court has a number of time commitments that limit the dates available for such a hearing before that date, this court's minute clerk wil comunicate with counsel for the parties promptly to set the necessary hearing. Mailed notice (kmt) (Entered: 03/15/1999) |
| 03/15/1999 | | NOTICE of attorney Gerardo Solon Gutierrz of change of address (original in 96 CR 553) (kmt) (Entered: 03/23/1999) |
| 03/16/1999 | | SCHEDULE set on 3/16/99 by Hon. Milton I. Shadur : Jury selection and |

| | | trial reset to 9:30 5/26/99 . Mailed notice (srn) (Entered: 03/16/1999) |
|---|---|---|
| 04/14/1999 | | SCHEDULE set on 4/14/99 by Hon. Milton I. Shadur : Status hearing held as to defendant Ekorie Egelle. No notice (srn) (Entered: 04/14/1999) |
| 04/26/1999 | | SCHEDULE set on 4/26/99 by Hon. Milton I. Shadur : Evidentiary hearing held as to defendant Black. No notice (srn) (Entered: 04/29/1999) |
| 04/30/1999 | 130 | MINUTE ORDER of 4/30/99 by Hon. Milton I. Shadur as to all defendants: Jury selection and trial reset to 5/25/99 at 9:30 a.m. Mailed notice (kmt) (Entered: 05/04/1999) |
| 05/04/1999 | 135 | MEMORANDUM of law and proffer regarding the admission of co-conspirator statements by USA (Exhibits); Notice of filing (kmt) (Entered: 05/05/1999) |
| 05/07/1999 | 145 | MOTION by USA to narrow counts one and two of the superseding indictment as to defendants ; Notice of filing (pmp) (Entered: 05/18/1999) |
| 05/17/1999 | | SCHEDULE set on 5/17/99 by Hon. Milton I. Shadur : Jury trial continued to 9:30 5/28/99 . Jury trial held. No notice (srn) (Entered: 06/01/1999) |
| 05/18/1999 | 146 | MINUTE ORDER of 5/18/99 by Hon. Milton I. Shadur as to defendants: Government's motion to narrow counts one and two of the superseding indictment as to defendants is granted [145-1] Voir dire conference is set for 05/20/99 at 9:30 a.m. Telephone notice (pmp) (Entered: 05/18/1999) |
| 05/19/1999 | 148 | NOTICE of intention to seek statutory enhanced penalties by plaintiff; Notice of filing (kmt) (Entered: 05/20/1999) |
| 05/19/1999 | 149 | MINUTE ORDER of 5/19/99 by Hon. Milton I. Shadur as to defendant Michael Black : For the reasons stated in this court's oral ruling defendant Blaack's motions to quash arrest and search warrant, [76-1], [76-2], [77-1] are denied. Status hearing held. Mailed notice (kmt) (Entered: 05/20/1999) |
| 05/20/1999 | 150 | PROPOSED WITNESS list submitted by defendant (kmt) (Entered: 05/24/1999) |
| 05/20/1999 | 151 | PROPOSED list of Voir Dire questions by plaintiff (kmt) (Entered: 05/24/1999) |
| 05/20/1999 | 152 | PROPOSAL regarding presentation of non-testifying defendant confessions by USA (Exhibit) (kmt) (Entered: 05/24/1999) |
| 05/25/1999 | 164 | PROPOSED exhibit list by USA; Notice of filing (kmt) (Entered: 05/26/1999) |
| 05/26/1999 | | SCHEDULE set on 5/26/99 by Hon. Milton I. Shadur : Jury trial continued to 9:30 5/27/99 . Jury trial held. No notice (srn) (Entered: 05/27/1999) |
| 05/26/1999 | 169 | ORDER (kmt) (Entered: 05/28/1999) |

**G.Add. 7**

| 05/28/1999 | | SCHEDULE set on 5/28/99 by Hon. Milton I. Shadur : Jury trial continued to 9:30 6/1/99 . Jury trial held. No notice (srn) (Entered: 06/01/1999) |
|---|---|---|
| 06/01/1999 | | SCHEDULE set on 6/1/99 by Hon. Milton I. Shadur : Jury trial held and continued to 9:30 6/2/99 . No notice (srn) (Entered: 06/02/1999) |
| 06/07/1999 | 178 | VERDICT as to defendant Michael Black (kmt) (Entered: 06/14/1999) |
| 06/10/1999 | 174 | RETURN of service of subpoena upon Moji Akande executed on 6/7/99 (kmt) (Entered: 06/11/1999) |
| 06/10/1999 | 175 | MINUTE ORDER of 6/10/99 by Hon. Milton I. Shadur as to defendant Michael Black : The United States Marshal's service is directed to transport defendant Michael Black to the federal Medical Center at Rochester Minnesota to be housed until his sentencing date of 8/27/99. Mailed notice (kmt) (Entered: 06/11/1999) |
| 06/11/1999 | 179 | MINUTE ORDER of 6/11/99 by Hon. Milton I. Shadur as to defendant Michael Black : Jury trial completed. Jury returns a verdict of guilty as to counts 2 and 8 and not guilty as to counts 9 and 10 as to defendant Michael Black. finding Michael Black guilty Michael Black (9) count(s) 2, 8 , finding Michael Black not guilty Michael Black (9) count(s) 9, 10 , dismissing counts Michael Black (9) count(s) 9, 10 . Sentencing set for 8/27/99 at 1:15 p.m. Order PSI. Defendant Black remanded to custody. All post trial motions are to be filed on or before 7/12/99. Mailed notice (kmt) (Entered: 06/14/1999) |
| 07/12/1999 | 183 | MOTION by defendant Michael Black for judgment of acquittal ; Notice of filing (kmt) (Entered: 07/13/1999) |
| 07/23/1999 | 189 | MEMORANDUM, Opinion and Order as to defendant Michael Black (kmt) (Entered: 07/26/1999) |
| 07/23/1999 | 190 | MINUTE ORDER of 7/23/99 by Hon. Milton I. Shadur as to defendant Michael Black : Enter memorandum opinion and order. For the reasons briefly stated here, both Black's motion for judgment of acquittal [183-1] and his new motion for review of Magistrate's detention order are denied [39-1]. This court will proceed with Black's previously scheduled sentecing on 8/27/99. Mailed notice (kmt) (Entered: 07/26/1999) |
| 08/05/1999 | 192 | MEMORANDUM as to defendant Michael Black (Attachment) (kmt) (Entered: 08/06/1999) |
| 08/06/1999 | 193 | MINUTE ORDER of 8/6/99 by Hon. Milton I. Shadur as to defendant Michael Black : Enter memorandum. Copies of this memorandum (including Black's letter) are being transmitted to Black's counsel Hal Garfinkle, esq. and to assistant United STates attorney Patrick Collins, Esq, as well as to Black himself. It is anticipated that any action that may be required will be instituted on Black's behalf by his counsel. Mailed notice (kmt) (Entered: 08/06/1999) |
| 08/24/1999 | 201 | MINUTE ORDER of 8/24/99 by Hon. Milton I. Shadur as to defendant Michael Black : The United states Marshal's service is directed to |

| | | transport defendant Michael Black from the Federal Medical Center at Rochester to the Dirksen Federal Building for purposes of sentencing on 9/27/99 at 10:30 a.m. in courtroom 2303 before the Honorable Milton I. Shadur. Mailed notice (kmt) (Entered: 08/25/1999) |
|---|---|---|
| 08/24/1999 | 203 | MINUTE ORDER of 8/24/99 by Hon. Milton I. Shadur as to Emmanual Richson aka James Oreye, Michael Black : Enter memorandum order. Defendant Oreye's motion to enlarge time for filing objections to presentence investigation report is granted [202-1]. Oreye's objections to the PSI are to be filed on or before 9/17/99. Accordingly the sentencing date for both Oreye and codefendant Michael Black is reset to 9/27/99 at 10:30 a.m. Memoramdum order entered.)Mailed notice (kmt) Modified on 08/25/1999 (Entered: 08/25/1999) |
| 09/15/1999 | 210 | MOTION by defendant Michael Black for a medical downward departure ; Notice (kmt) (Entered: 09/20/1999) |
| 09/21/1999 | 212 | CONSOLIDATED RESPONSE by plaintiff to defendant oreye's objections to the PSR and defendant Black's motion for a downward departure [210-1] ; Notice (kmt) (Entered: 09/28/1999) |
| 09/29/1999 | 214 | MINUTE ORDER of 9/29/99 by Hon. Milton I. Shadur as to defendant Michael Black : The United States Marshal's Service is directed to transport defendant Michael Black to the Federal medical Center at Rochester Minnesota to be housed until designated to a Federal Institution. Mailed notice (kmt) (Entered: 09/30/1999) |
| 09/29/1999 | 215 | MOTION by USA to withdraw enhancement and sentencing recommendation agreement as to defendant Michael Black ; Notice (kmt) (Entered: 09/30/1999) |
| 09/29/1999 | 216 | MINUTE ORDER of 9/29/99 by Hon. Milton I. Shadur as to defendant Michael Black : Government's motion to withdraw enhancement and sentencing recommendation agreement as to defendant Michael Black is granted [215-1]. No notice (kmt) (Entered: 10/01/1999) |
| 09/29/1999 | 217 | SENTENCING ORDER of 9/29/99 by Hon. Milton I. Shadur : Sentencing Michael Black (9) count(s) 2, 8 . The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred sixty eight (168) months as to counts two (2) and eight (8) to run concurrently. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment the defendant shall be on supervised release for aterm of five (5) years as to counts two (2) and eight (8) to run concurrently. Criminal monetary penalties. Schedule of payments. Statement of reasons. The defendant has been found not guilty on counts nnine (9) and ten (10) of the superseding indictment. Mailed notice (kmt) (Entered: 10/01/1999) |
| 12/01/1999 | 235 | LETTER from the 7th Circuit: To be returned at later date: one volume of pleadings and two in cameral material no. 99-3576 (pmp) (Entered: 12/08/1999) |
| | | |

**G.Add. 9**

| 03/24/2000 | 240 | TRANSCRIPT of proceeding as to Emmanual Richson aka James Oreye, Michael Black held before Hon. Milton I. Shadur on 5/27/99, 5/28/99, 6/1/99, 6/2/99 (2 volumes), 6/3/99, 6/4/99, 6/7/99 (8 volumes total, 240-1 through 240-8) (kmt) (Entered: 03/24/2000) |
|---|---|---|
| 05/04/2000 | 241 | MOTION by Michael Black for continuance enlargemnt of time (Attachments) (meg) (Entered: 05/05/2000) |
| 05/09/2000 | 242 | MOTION by Michael Black for continuance enlargement of time (Attachments) (meg) (Entered: 05/11/2000) |
| 05/18/2000 | 243 | MINUTE ORDER of 5/18/00 by Hon. Milton I. Shadur as to Michael Black : Enter order memdorandum order. Black's motion for continuance enlargemnt of time is denied [241-1] Entered Memorandum Opinion and Order. Mailed notice (pmp) (Entered: 05/19/2000) |
| 06/01/2000 | | MOTION by Michael Black pursuant to 28 USC 2255 filed in case number 00cv3248. All filings and docket entries will be made in case number 00cv3248. (mbw) (Entered: 06/01/2000) |
| 11/06/2000 | 265 | SUPPLEMENTAL filing by plaintiff regarding defendant's motion for return of seized property pursuant to Rule 41(e) F.R.C.P. [257-1]; Notice (kmt) (Entered: 11/07/2000) |
| 12/13/2000 | 272 | TRANSCRIPT of proceeding as to Michael Black held before Hon. Milton I. Shadur on 5/19/99 (kmt) (Entered: 12/13/2000) |
| 12/13/2000 | 276 | TRANSCRIPT of proceeding as to Nasim Nakigiozi, Emmanual Richson, Taiwo Babatunde Obayemi, Abayomi Adetokunbo Togun, Taiwo Oloduro, Emmanuel Foster, Michael Black held before Hon. Milton I. Shadur on 1/8/99 (kmt) (Entered: 12/14/2000) |
| 12/13/2000 | 278 | TRANSCRIPT of proceeding as to Taiwo Babatunde Obayemi, Abayomi Adetokunbo Togun, Taiwo Oloduro, Emmanuel Foster, Michael Black held before Hon. Milton I. Shadur on 5/20/99 (kmt) (Entered: 12/14/2000) |
| 12/29/2000 | | FORWARDED Certified copy of docket sheet for all defendants to USCA. (mak) (Entered: 12/29/2000) |
| 04/04/2001 | 284 | MOTION by defendant Michael Black for disclosure of signed grand jury concurrence form (kmt) (Entered: 04/06/2001) |
| 04/12/2001 | 285 | MINUTE ORDER of 4/12/01 by Hon. Milton I. Shadur as to defendant Michael Black : Enter Memorandum Order. Because Black has failed to indicate any predicate for his request, the motion for disclosure of signed grand jury concurrence form is denied [284-1] - but without prejudice to its future renewal if coupled with an appropriate showing of a particularized need or other good cause. (Entered Memorandum Order.) Mailed notice (kmt) (Entered: 04/13/2001) |
| 11/06/2003 | 290 | MOTION by Michael Black to reduce defendant's sentence (Attachments) (meg) (Entered: 11/12/2003) |

G.Add. 10

| 11/12/2003 | 291 | MINUTE ORDER of 11/12/03 by Hon. Milton I. Shadur as to Michael Black : Accordingly this cour must, and it does hereby, deny Black's motion to reduce defendant's sentence [290-1] for lack of subject matter jurisdiction. If he is to obtain any relief, he must look to the Bureau of Prisons for that purpose. Entered Memorandum Order. Mailed notice (meg) (Entered: 11/13/2003) |
| 04/15/2004 | | SCHEDULE set on 4/15/04 by Hon. Milton I. Shadur : Status hearing regarding defendant Oreye's letter. No notice (srn) (Entered: 04/15/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/15/2005 05:48:32 | | | |
| PACER Login: | us2163 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:98-cr-00434 |
| Billable Pages: | 8 | Cost: | 0.64 |

G.Add. 11

Pro Se

FILED
MAY 24 2000
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

DOCKETED
MAY 30 2000

00C 3248

JUDGE SHAD

UNITED STATES                    )
                                 )
                                 )
                                 )
                                 )
v.                               )    CASE NO.  98-CR-434-9
                                 )    (To be supplied by clerk)
                                 )
                                 )
MICHAEL, BLACK # 11354-424       )
                                 )
_____ )
(Full name and prison number of
movant)

IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE <u>FUTURE</u> UNDER
A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE
A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.

1.   Place of detention, or if on parole, date of parole release
     ROCHESTER, MN-FEDERAL MEDICAL CENTER-P.O.B.-4000                .

2.   Name and location of court which, and name of judge who,
     imposed sentence under attack:
     Mckinley-Durkson-Building        /JUDGE- Milton I. Shadur
     219 SOUTH Dearborn Street
     Chicago,Ill 60609

1

G.Add. 24

3.  Date of judgment of conviction:
    JUNE 17, 1998

4.  Case number: 98CR 434-9

5.  Length of sentence: [168] MONTHS AS TO COUNT (2) AND (8) TO
                         RUN CONCURRENTLY-COUNT (2).

6.  Nature of offense involved (all counts): 21 U.S.C.846 CONSPIRACY
    TO POSSESS/ 21 U.S.C. 841 POSSESSION WITH THE INTENT TO DISTRIBU

    COUNT (8). / COUNT(9) TITLE 18,U.S.C. SECTION 922 (g)(1)
              COUNT(10)TITLE 18,U.S.C. SECTION 922 (k)

7.  What was your plea?          (check one)

    (A)  Not guilty              (XXXXX)
    (B)  Guilty                  (     )
    (C)  Nolo Contendere         (     )

8.  Kind of trial:               (check one)

    (A)  Jury                    XXXXXX
    (B)  Judge Only              (     )

9.  Did you testify at the trial?

    Yes      (     )        No        XXXXXX

10. Did you appeal from the judgment of conviction?

    Yes      (     )        No        XXXXXX

11. If you did appeal, answer the following:

    (A)  Name of court_____NA_____

    (B)  Result_____NA_____

    (C)  Date of result_____NA_____

12. Other than a direct appeal from the judgment of conviction and
    sentence, have you previously filed any petitions, appli-
    cations or motions with respect to this judgment in any
    federal court?

2

G.Add. 25

Yes        (    )           No          (XXXX)

13.  If your answer to (12) was "YES," give the following
     information:

(A)  (1)  Name of court  NA

     (2)  Nature of proceeding  NA

     (3)  Grounds Raised  NA
     _____

     (4)  Did you receive an evidentiary hearing on your petition,
          application or motion?

     Yes        (    )           No          XXXXX)

     (5)  Result  NA

     (6)  Date of result  NA

(B)  As to any second petition, application or motion, give the
     same information:

     (1)  Name of the court  NA

     (2)  Nature of proceeding  NA

     (3)  Grounds Raised  NA
     _____

     (4)  Did you receive an evidentiary hearing on your petition,
          application or motion?

     Yes        (    )  NA   No          (    )  NA

     (5)  Result  NA                        NA

     (6)  Date of result  NA

(C)  As to any third petition, application or motion, give the
     same information:

     (1)  Name of the court  NA

     (2)  Nature of proceeding  NA

     (3)  Grounds Raised  NA
     _____

3

(4)   Did you receive an evidentiary hearing on your petition, application or motion?

Yes        (   ) NA      No        (   ) NA

(5)   Result_____NA_____

(6)   Date of result__NA_____

(D)   Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1)   First petition, etc.     Yes (   )     No    (XXXX

(2)   Second petition, etc.    Yes (   )     No    (XXXX

(3)   Third petition, etc.     Yes (   )     No    (XXXX

(E)   If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

UPON IN-CORRECT INFORMATION GIVEN TO MOVANT BY ATTORNEY HAL. GARFINKEL

MOVANT AGREED NOT TO FILE A DIRECT APPEAL OR AN APPEAL.

ATTORNEY EXPLAINED TO MOVANT THAT GOVERNMENT AGREEMENT WAS, MOVANT TO

NOT FILE A DIRECT APPEAL OR APPEAL AND THE GOVERNMENT WILL WITHDRAW THE

THE  ENHANCEMENT . AND IT WILL LEAVE MOVANT WITH ONLY A (10) TEN YEAR

SENTENCE. UPON THIS INFORMATION GIVEN TO MOVANT BY   ATTORNEY MOVANT

AGREED NOT TOFILE A DIRECT APPEAL OR APPEAL.

14.   State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:   IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.

A.    Ground one  COUNSEL FAILURE TO CROSS EXAMINE WITNESSES WHO'S TESTIMONY WAS ESSENTIALLY MATERIAL IN PROVING MOVANTS INNOENCE.

4

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Governments case was based upon Movants Co-Defendant, EMMANUEL FOSTER.

Based upon proffer made by Mr. Foster to AUSA  Mr. Ryan,Stoll and Mr. Foster'

attorney, Steven Pick,. In Proffer/letter to attorney Hal, Garfinkel it is

clear that this material and testimony was essential to movant,. Counsels

failure to cross examine [ALL] other Co-Defendants, (5) five other wittnesses

at time of movant's arrest..


B.   Ground two <u>COUNSELS  FAILURE TO ASK FOR SEVERANCE UPON A REQUEST OF THIS

MOVANT....</u>
     Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Movant requested that counsel motion the court for a severance from Mr.

James, Oreye on the fact that Mr. Oreye was acting as his own attorney.

Movant feared that Mr. Oreye was in [FACT] unqualified as an attorney and

uneducated in the (ENGLISH) language and the [LAW]. These facters alone

with numerous count's and the evidence made an Unfavorable Impression upon

this Movant and was highly prejudicial. This movant repeatedly expressed
concerns to counsel and he failed to act in the above request....

C.   Ground three <u>IN-CORRECT INFORMATION WAS GIVEN TO THIS MOVANT ABOUT

     HIS APPEAL</u>
     Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Counsel advised movant that government agreement was in the best Interest

and that Movant would receive (10) ten year sentence, and if Movant did

not take agreement Movant would receive (20) Twenty years,and counsel

would not do Movant's appeal, because of money that is owed to both

counsel; upon iLL advise of attorney and stress and fear this Movant

agreed to this agreement under counsel's advise....for the above reasons..

D.   Ground four Counsel's failure to extra movant theory of the case precludes

the jury from considering movant's defense to the charges against movant.
Supporting FACTS (tell your story briefly without citing cases
or law):

counsel was given material  and items to support defense theory evidence

to support legal action between movant and Co-Defendant EMMANUEL, FOSTER

Photo's that supported a legal business between Mr.foster and movant and

proof that all matter in relation to Mr. Foster was of legal matter,

Counsel's failure to offer evidence to jury on behalf of movant, after

being given evidence to support movants theory..

15.   If any of the grounds listed in 14 A, B, C, and D were not
previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them:

Movant wanted to testify at trial, counsel advised movant not to because

of movants background. Counsel refused to do a appeal because of (S 16.500)

dallars and stated  his closing argument would be shortened and Counsel

David Pielet's reason for not doing his part in the closing arguments was
due to him not recieving his share of the remaining($13.000)part of (20.000).

16.   Do you have any petition or appeal now pending in any court
as to the judgment under attack?         Yes ( ) No   (xxx)

(A)   If "YES," state the name of the court and the nature of
the proceeding_____ NA _____

_____ NA _____

_____ NA _____

17.   Give the name and address, if known, of each attorney who
represented you in the following stages of the judgment
attacked herein:

(A)   At preliminary hearing   David Peilet-53 WEST Jackson Suite 1410
                              (312)-(322-0009)

      Chicago, Ill  60604      // David J. Peilet  and Hal, Garfinkel
      (312)-(527-5311)

(B)   At arraignment and plea   David J. Peilet and Hal, Garfinkel
                               (312)(527-5311)

_____

6

(C)  At trial **Hal, Garfinkel**    **111 WEST WASHINGTON Suite 1301**
                                    Chicago, Ill  60602

(D)  At sentencing  **Hal, Garfinkel**

(E)  On appeal **NA**

(F)  In any post-conviction proceeding  **NA**

(G)  On appeal from any adverse ruling in a post-conviction
     proceeding       **NA**

18.  Were you sentenced on more than one count of an indictment,
     or more than one indictment, in the same court and at
     approximately the same time?        Yes ( )     No    (XXXX)

19.  Do you have any future sentence to serve after you complete
     the sentence imposed by the judgment under attack?
                                    Yes ( )     No    (xxxx)

    (A)  If so, give the name and location of court which imposed
         sentence to be served in the future:    **NA**

    (B)  And give date and length of sentence to be served in the
         future:    **NA**

7

G.Add. 30

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

_____
Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _5-/9-2000_
(date)

_____
Signature of Movant

8

G.Add. 31



SUPPORTING FACTS TO GROUND (A)
========================================

EMMANUAL FOSTER, WAS ESSENTIAL IN THE DEFENSE OF THIS MOVANT, IT'S CLEAR
THAT EMMANUEL FOSTER'S PROFFER TO AUSA-MR. RYAN STOLL SHOWS A CONFLICT OF
INTEREST IN THE GOVERNMENTS CASE,

EMMANUEL FOSTER'S LETTER TO MOVANT'S ATTORNEY CLEARLY SHOWS A NEED FOR
MR.FOSTER TO BE INTERVIEWED AND TESTIMONY TAKEN AT TRIAL, MOVANT'S TRIAL.

OKOIE EGELLE'S TESTIMONY AND THE NEED TO BE INTERVIEWED WAS ESSENTIAL
MATERIAL ON BEHALF OF MOVANT, THIS WOULD INCLUDE THE TESTIMONY OF KENHENDE
OLUDURO WHO'S TESTIMONY WOULD HAVE BEEN ESSENTIAL AND WAS NEEDED TO BE SEEN
AND INTERVIEWED BY THIS MOVANT'S ATTORNEY BUT WAS NOT ,ON BEHALF OF THIS
MOVANT.

TAIWO OBAYEMI"S TESTIMONY WAS ALSO ESSENTIAL AND AN INTERVIEW NEEDED TO
BE TAKEN FOR THIS MOVANT AT TRIAL ON BEHALF OF THIS MOVANT AT TRIAL.

NASIM NAKIGOZI NEEDED TO BE INTERVIEWED TO HER KNOWLEGE OF THIS MOVANT
WAS VERY ESSENTIAL.

THIS MOVANT REPEATEDLY REQUESTED THAT ATTORNEY QUESTION AND INTERVIEW
THESE'S CO-DEFENDANT'S ON BEHALF OF THIS MOVANT IN HIS DEFENSE...

BASEM ZBAIDE, STATMENT'S TO AGENT CRAWFORD AND AGENT STEWARD WAS ESSENTIAL
AT TRIAL ON BEHALF OF MOVANT , FACTS FROM BASEM,ZBAIDE STATMENTS PROVE DIFFER-
-ENT IN THE GOVERNMENTS CASE,.

STATEMENTS SHOW THAT EMMANUEL FOSTER'S INTRUCTIONS AS TO WHERE HE WANTED
TO GO WITH THE DRUGS.

MR. BASEM ZBAIDE WAS NEVER CALLED AS A WITNESS NOR WAS HE INTERVIEWED
BY THIS MOVANT'S ATTORNEY AS REQUESTED BE THIS MOVANT....,

1 of 2

## SUPPORTING FACTS TO GROUND (A)

MR. ARROW BAYLEY, MR. OLANDA SERNA, MR. ROBERT DARNEIL, MS. GAYLE SNELL

ECT, WAS NEVER INTERVIEWED ON OF THIS MOVANT REQUEST FOR HIS DEFENSE.

ALL THE ABOVE PARTYIES WAS AT RESIDENCE AT TIME OF MOVANT'S, ARREST AND

WERE WILLING TO TESTIFY AT MOVANT'S TRIAL ON BEHALF OF THIS MOVANT, AND

THE ATTORNEY FOR THIS MOVANT WOULD NOT COMPLY WITH THIS MOVANT'S REQUEST

AS PART OF THIS MOVANT'S DEFENSE AT TRIAL....

END (A)

## SUPPORTING FACTS TO GROUND (B)

SEVERANCE WAS OF THE UPMOST IMPORTANCE TO THE DEFENSE OF THIS MOVANT.
THIS MOVANT REQUESTED THAT HE BE SEVERED AND THAT IT WAS IN THE BEST INTEREST
OF THIS MOVANT AT HIS TRIAL, THIS REQUEST WAS MADE TO THIS MOVANTS ATTORNEY
SEVERAL TIMES BUT THIS MOVANTS ATTORNEY DID-NOT COMPLY.

MOVANT EXPRESSED CONCERN THAT IF MR. JAMES OREYE WAS TRIED WITH THIS MOVANT
THAT IT WOULD BE VERY PREDUDICAL TO THIS MOVANT, AND THAT THE AMOUNT OF CHARGES
AGAINST MR. OREYE WOULD AMOUNT TO A NAGATIVE / GUILTY JUDGEMENT ON MOVANT.

MR. OREYE WAS UNQUALIFIED AS AN ATTORNEY AND HIS REPRESENTATION WOULD CONVICT
THIS MOVANT BECAUSE MR. OREYE WAS NOT SCHOOLED IN THE LAW NOR DID HE KNOW
GOOD LANGUAGE, THIS WOULD HINDER THE DEFENSE OF THIS MOVANT AND IN FACT DID
DO JUST THAT. MR. OREYE LACK OF GOOD ENGLISH HINDERED HIS OWN DEFENSE AS WELL
AS THIS MOVANT.

THIS MOVANT ADDRESSED HIS FEAR TO THIS MOVANTS ATTORNEY SEVERAL TIMES
THAT BEING TRIED NEXT TO MR.OREYE WOULD HURT THIS MOVANTS DEFENSE BY THIS
MOVANTS DEFENSE BUT THIS MOVANTS ATTORNEY FAILED TO ACT ON THIS MOVANTS
DEFENSE AND IN HIS BEHALF IN THIS VERY IMPORTANT MATTER.

<center>END</center>

<center>1 of 1</center>

<center>G.Add. 34</center>

## SUPPORTING FACTS TO GROUND (C)

ATTORNEY ADVISED THIS MOVANT TO WAIVE HIS DIRECT APPEAL AND APPEAL THERE-
-AFTER  AND THAT BY DOING SO  THIS MOVANT WOULD NOT RECIEVE AN ENHANCEMENT
AND THAT IT WOULD BE DROPPED,  AND THAT THIS MOVANT WOULD RECIEVE A (10) TEN
YEAR SENTENCE, MOVANT TOOK THIS ILL ADVISE UNDER PRESSURE OF HIS ATTORNEY
AND IN FEAR THAT IF HE DID'T BAD THINGS WOULD HAPPEN TO HIM, THIS MOVANT
WAS IN DISTRESS AND IN FEAR OF THE LENGTH OF SENTENCE HE WOULD RECIEVE IFF
HE REFUSED.  THE INFORMATION THAT THIS MOVANTS ATTORNEY GAVE MOVANT WAS
IN-CORRECT....

END

G.Add. 35

## SUPPORTING FACTS TO GROUNDS (D)

MOVANT ENTERED THE BELOW ITEM AND INFORMATION TO THIS MOVANTS ATTORNEY
IN SUPPORT OF THIS MOVANTS THEORY.

MOVANT ATTORNEY FAILED TO INVESTIGATE OR TO ENTER THEORY AS EVIDENCE
AFTER BEING GIVEN THE FOLLOWING ITEMS ON BEALF OF THIS MOVANTS DEFENSE.


[PICTURES OF AFRICAN ITEMS PURCHASED BY MOVANT FROM MR. E. FOSTER].
MOVANT ENTERED A REAL BUSINESS CARD TO ATTORNEY TO SHOW THAT A LEGAL BUSINESS
RELATIONSHIP DID SURVIVE AT THAT TIME IN THE RELATIONSHIP BETWEEN MR. FOSTER
AND THIS MOVANT.

THIS WOULD HAVE DISSPELLED  A NOTION OF AN ILLEGAL RELATIONSHIP BETWEEN
MR. FOSTER AND THIS MOVANT,/ FOSTER AND MOVANT DISCUSSED (2)TWO DAYS BEFORE
THE ARREST OF THIS MOVANT THE PURCHASE AUTOMOBLE (ECT),,TRUCKS TO BE EXPORTED
TO AFRICA  , MR.E. FOSTER HAD A BUSINESS CARD WITH HIM AT THE TIME OF HIS
ARREST AND HAD SPOKE TOMOVANTS FRIEND AND THIS MOVANT ABOUT THESE PRUCHESE
OF THE ABOVE MENTION AUTOS ECT.

IF MOVANTS ATTORNEY WOULD HAVE INVESTIGATED  MOVANT THEORY IT WOULD CLEAR
UP THE MISS-INFORMATION ABOUT THE NUMERS BEING RELATED TO DRUG DEALING IN
THE RECORDED CONVERSATIONS.

THIS MOVANTS ATTORNEY NEVER ENTERED THIS MOVANTS THEORY AT OR BEFORE
TRIAL AFTER BEING ASKED TO MANY TIMES TO SUPPORT THIS MOVANTS DEFENSE.


1 of 2


G.Add. 36

## SUPPORTING FACT TO GROUND (D)

TRANSCRIPT # 12 PAGE 4 LINE 22, 23, 24, 25, 26, 27, 28, THAT THERE IS (NO)

AGREEMENT AT (6:44) PM ON OCTOBER 1, 1998 between MR. E. FOSTER AND THIS

MOVANT.....

TRNASCRIPT #4 PAGE 1 LINE 16, 18, 21, 22, it's A CONVERSATION GOING ON BETWEEN

CO-DEFENDANTS TO HAVE DRUG DROPPED OFF...

TRANSCRIPT # 3 PAGE 5 LINE 12 THRU 16 SHOW EXACTLY WHERE THE DRUDS ARE TO

BE DELIVERED......

THIS IS ONLY BUT A SMALL PEICE OF THE PUZZLE AND THIS AS WELL AS OTHER

INFORMATION WAS BROUGHT TO THE ATTENTION TO THIS MOVANTS ATTORNEY BUT HE

FAILED TO ACT ON BEHALF OF THIS MOVANT IN SUPPORT OF HIS DEFENSE...

2 of 2
END

RESPECTFULLY SUBMITTED

MICHAEL BLACK
FEDERAL MEDICAL CENTER,

ROCHESTER, MN 55903-4000

G.Add. 37

Emmanuel Foster,
#10233-424,
M.C.C. CHICAGO.
08/24/99.

Dear Sir,
Mr Hal, Garfinkel.
111 . W. Washington,
CH. IL . 60606.

I am one of Co-defender of Your
Client, Mr m. black.
Which I' will Like to Set Some few things
Straight.
Firstly, I'. Like to make sure that
their no Pkoblem between me and Your
Client.
Secondly, The whole thing was Started
by C. Korre Egelle and he mention Your
Client name, and by the time I' got to
the Hotel, which I' have no other
choice but to Co-operat with agent.
The Idea of the Phone Call was brought
up by the agent.
And everything I' Say was written down by
agent, I' ~~didn't~~ wasn't Sure who I' was
Speaking to on the Phone either.
And I' explain everything in my proffer

I' well greatfully if you Carefull
look into this mather pleas.  **G.Add. 38**

Thank you for your Co-operation and
Looking forward to hear from you.

faithfully
E Foster

# Law Offices of Hal M. Garfinkel

111 W. Washington, Suite 1301
Chicago, Il 60602
312 527-5311
Fax: 312 629-0705

May 26, 1999

## RECEIPT

Hal M. Garfinkel has received a total of $21,500.00 for legal
services rendered in the case of the Unites States of America v.
Michael Black, under case #98CR 434. To date there is an unpaid
and open balance of $18,500.00.

_____        _____
Hal Garfinkel                          Date
Attorney for Michael Black


_____        _____
Michael Black                          Date

G.Add. 40

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  98 CR 434 |
| | ) | (00 C 3248) |
| MICHAEL BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JUL 10 2000

## MEMORANDUM ORDER

After Michael Black ("Black") had filed a self-prepared 28 U.S.C. §2255 ("Section 2255") motion to challenge his conviction and sentence on four specified grounds, this Court (if only out of an abundance of caution) issued a May 31, 2000 memorandum order that directed the United States Attorney to file an answer or other responsive pleading in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). That response is now in hand. For the reasons stated in this memorandum opinion and order (which addresses Black's stated grounds seriatim), Black's motion is denied in its entirety.

### Facts

Because the United States' current filing ("Response") presents the proofs at Black's trial[1] with commendable accuracy, this opinion simply attaches a photocopy of Response 1-5 as the

---

[1]  Black and one codefendant were tried simultaneously. More on that subject a bit later.

G.Add. 41

factual framework for resolution of Black's motion. To the extent that added facts may be needed in conjunction with the legal analysis, they will be set out hereafter.

<u>Ground One: Counsel's Failure To Cross Examine Witnesses</u>

All four of Black's currently-stated grievances attack the adequacy of representation by his trial counsel. That type of attack calls into play the standards announced in the seminal decision in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984). Even apart from Black's need to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (<u>id</u>. at 690, describing the "performance" prong of the <u>Strickland</u> test), Black must of course also prevail on the other prong--prejudice--by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different" (<u>id</u>. at 694). In this instance Black fails in both respects as to each of the grounds that he seeks to advance.

As for the "performance" prong, this Court observed the performance of Black's highly able counsel both before trial (when for example counsel presented a motion to suppress at an evidentiary hearing and argued it well--though unsuccessfully[2]-- on Black's behalf) and during trial. It is nothing more than

---

[2]   It was certainly not counsel's doing that their client's involvement in the major drug transactions at issue rendered any suppression motion a failure.

2

sour grapes for Black to complain that his counsel should have done other than what they did. And on the "prejudice" issue, nothing submitted by Black suggests any likelihood that counsel could have produced a more favorable outcome for Black.

Those general characterizations certainly apply to the particular facet of counsel's trial conduct about which Black seeks to complain in his Ground One. Counsel's cross examination was both vigorous and effective throughout, and they actually succeeded in persuading the jury that a reasonable doubt existed on the two gun counts with which Black was charged, thus resulting in his acquittal on those counts.[3]

Although Black's motion asserts in a conclusory fashion the names of several persons whom he says his lawyers should have interviewed so that they might have called those persons as trial witnesses, Black proffers nothing as to what any of those witnesses would purportedly have said to assist his defense. As to the drug transactions on which Black was convicted, the evidence of his complicity was overwhelming. In sum, Black's first attempted ground surely fails as to the prejudice prong, and he has really offered nothing concrete to suggest the viability of any inadequate performance claim as well.

---

[3] Suffice it to say that if this had been a bench trial this Court would have had no hesitancy in finding those gun charges, as well as the drug charges, proved beyond a reasonable doubt.

3

### Ground Two:  Counsel's Failure To Move for Severance

As indicated in n.1, Black went to trial with just one of his codefendants, James Oreye ("Oreye," mistakenly indicted under the name Emmanual Richson).[4]  Oreye chose to represent himself at trial, although this Court appointed standby counsel who performed yeoman service on Oreye's behalf.

Any complaint by Black that his lawyers should have asked for a severance, thus necessitating two trials that would have covered the identical transactions, would have been rejected by this Court out of hand.  More than 20 witnesses were called by the government during its case in chief, and there is no way in which the wholly duplicative efforts that would have been required for the conduct of two separate trials made sense. Hence this contention plainly founders on the prejudice issue-- and by the same token, no inadequacy of performance was involved either.[5]

### Ground Three:  Counsel's Failure To Give Correct Information to Black About Appeal Rights

This third contention by Black partakes especially of dog-in-the-manger characteristics.  Before trial the government had

---

[4]    Except for one defendant who was then a fugitive, all other defendants pleaded guilty.

[5]    Although this opinion need not rest on any such added factor, the United States is right in pointing out (Response 11 n.2) that Black might well have benefitted from the presence of codefendant Oreye at trial.

4

filed a notice (the "Section 851 Notice") that it intended to seek statutorily enhanced penalties pursuant to 21 U.S.C. §851, based on Black's prior drug felony convictions.  That statutory provision, if invoked, would obligate this Court to impose a minimum custodial term of 20 years under 21 U.S.C. §841(b).

After Black had thereafter been convicted and the requisite presentence investigation report was then prepared in advance of sentencing, his sentencing hearing was scheduled for September 27, 1999.  At that point this Court denied his counsel's motion for a downward departure based on Black's physical impairments, expressly signaling its intention to sentence Black to the mandated 20-year prison term.  At that point Black's able counsel sought and was granted a brief deferral of the sentencing hearing, and then proceeded to negotiate on Black's behalf in an effort to obtain the withdrawal of the previously-filed Section 851 Notice.

Those negotiations were successful, resulting in the government's agreement to seek withdrawal of that sentencing enhancement in exchange for Black's waiver of his direct appellate rights (but not a waiver of his right to invoke Section 2255).  This Court granted the parties' joint motion to that effect, and it then sentenced Black to a 168-month prison term (which was the low end of the applicable Sentencing Guideline range), or fully 6 years less than what Black would have had to

G.Add. 45

serve based on the Section 851 Notice.

Nothing in Black's motion suggests any basis on which Black might have been successful in an appellate attack on his conviction or sentencing. What the record reflects instead is that his counsel negotiated a favorable bargain for him in reducing his sentence by a full 30% while giving up only the right to launch a hypothetical challenge to his conviction on some undefined and amorphous basis. As with the other grounds, Black fails on both the prejudice and performance prongs of the <u>Strickland</u> analysis.

<u>Ground Four:  Counsel's Failure To Advance Possible Defense</u>

Black's final assertion is that his lawyers did not offer evidence supplied by Black "that supported a legal business between Mr. foster [sic, referring to codefendant Emmanual Foster] and movant and proof that all matter in relation to Mr. Foster was of legal matter." This contention, though not particularized, obviously reflects Black's effort to get out from under the crushing weight of some recorded telephone conversations that took place after Foster had been arrested (that arrest had taken place upon the delivery to Foster of what he thought were pellets containing heroin after negotiations-- also recorded--had taken place looking to such a transaction). As the attached factual description at Response 4 and 5 reflects, the Black-Foster conversations followed another recorded

6

conversation between Foster and Oreye that had discussed the
contemplated delivery of heroin to Black.    Then Foster and Black
talked a number of times during the next several hours,
discussing among other things the condition of the heroin and
Black's efforts to gather enough money to pay for the delivery.

As Response 5 further reflects, when Black was arrested the
next day and a warrant-authorized search of his residence then
turned up bags of heroin, nearly $4,000 in cash and a loaded
handgun with an obliterated serial number, Black told the federal
agents "that he and Foster were discussing Cuban cigars."    One
need only read the transcripts of the recorded conversations,
especially when coupled with the other evidence, to recognize
that only a believer in the tooth fairy (not the truth fairy)
could rationally buy into that bizarre contention.    Even though
Black's list of "supporting facts" to this fourth ground in his
Section 2255 motion adverts to snippets of the recorded
conversations, nothing advanced there identifies any arguable
delinquency on the part of his counsel in handling his defense.
And once again there is no hint of "prejudice" in <u>Strickland</u>
terms.

<div align="center">Conclusion</div>

Because of the serious nature of Black's charges, even
though they did not jibe with this Court's recollection of the
pretrial, trial and post-trial handling of his case by his

<div align="center">7</div>

counsel, this Court initially ordered the government to file a responsive pleading as authorized by Section 2255 Rule 4(b). That response has confirmed the emptiness of Black's contentions as to the asserted constitutional inadequacy of the representation by his counsel--counsel who in fact made the best of an extraordinarily difficult situation in which the government had Black dead to rights, and who ultimately negotiated an agreement that has cut fully six years off of Black's custodial sentence. It is plain from the parties' submissions "that an evidentiary hearing is not required" (Section 2255 Rule 8(a)), so that this Court is directed to "make such disposition of the motion as justice dictates" (id.). Justice dictates the denial of Black's motion, and this Court so orders.

Milton I. Shadur
Senior United States District Judge

Date:  July 6, 2000

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BLACK,                    )
                                 )
            Petitioner,          )
                                 )
    v.                           )  C.A. No. 04-40233-DPW
                                 )
DAVID L. WINN, WARDEN,           )
FMC DEVENS.                      )
            Respondent.          )

## MEMORANDUM AND ORDER

For the reasons stated below, Petitioner Black's petition for writ of habeas corpus pursuant to

28 U.S.C. §2241 shall be dismissed.

## FACTS

On November 4, 2004 Petitioner Michael Black, currently an inmate at FMC Devens in Ayer,

MA, filed his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, seeking to vacate his

conviction, in light of Crawford v. Washington, __U.S.__ , 124 S. Ct. 1354 (2004)[1].  Black alleges

---

[1] In Crawford, defendant was tried in Washington Superior Court for assault with a dangerous weapon and attempted murder. At trial, the State sought to introduce a recorded statement that defendant's wife had made during a police interrogation, as evidence that the stabbing was not in self-defense. Defendant's wife did not testify at trial because of Washington's marital privilege. Defendant argued that admitting the evidence would violate his Sixth Amendment right to confront witnesses against him. Under Ohio v. Roberts, 448 U.S. 56 (1980), the right of confrontation did not bar admission of an unavailable witness's statement against a criminal defendant if the statement bore an "adequate 'indicia of reliability.' " Id., at 66. The test was met when the evidence either fell within a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness." Id. The trial court admitted the statement on this second basis, and on appeal, the State Supreme Court upheld the conviction, deeming the statement reliable because it was nearly identical to defendant's own statement to the police. On certiorari, the Supreme Court abrogated Ohio v. Roberts, and held that the State's use of the wife's statement violated the Sixth Amendment Confrontation Clause, on the grounds that, with respect to testimonial statements, the only stamp of reliability sufficient to satisfy constitutional demands is confrontation. Crawford, 124 S. Ct. at 1369-74. Thus, out of court statements by

that his Sixth Amendment rights were violated because of the introduction of testimonial statements of a

witness who did not appear at trial and whom his counsel did not have a prior opportunity to cross-

examine. In addition, he claims that the use of tape recorded conversations of an absent witness at trial

also violated his right of confrontation, as did the introduction of a video of an out-of-court witness. He

further contends that the sentencing judge's instructions were in error in that they allowed the jury to

hear, read, and see inadmissible evidence against Black.

After a jury trial, on June 11, 1999, Black was convicted in the Northern District of Illinois

(Eastern Division) on counts 2 and 8 of an indictment, of Possession with Intent to Distribute 100 grams

or more of heroin, and attempted Possession with Intent to Distribute 100 grams of heroin, in violation

of 21 U.S.C. §841(a)(1). On September 29, 1999[2], Black was sentenced to 168 months

imprisonment followed by three (3) years of supervised release.

The post-sentencing history of this case is somewhat convoluted. Although Black claims he

made a direct appeal of his conviction to the Seventh Circuit, a review of the public docket does not

reveal any direct appeal was ever filed. An inquiry by this Court to the Seventh Circuit Court of

Appeals for a records check likewise revealed no evidence of a direct appeal. However Black did file

a motion under 28 U.S.C. §2255, on the grounds of ineffective assistance of counsel. This motion was

filed on May 26, 2000, in the Northern District of Illinois, and was denied in its entirety on July 7,

---

witnesses which are testimonial are barred as violative of the Confrontation Clause, unless the witnesses
are shown to be unavailable and the defendant has had a prior opportunity to cross-examine those
witnesses, regardless of whether such statements are deemed reliable by the court.

[2]Black claims he was sentenced on August 19, 1999; however, a review of the public court
docket indicates a sentencing order (#217) was entered on September 29, 1999.

G.Add. 58

2000. (Docket No. 6, Civil Action 00-03248). Black (prematurely, it appears) filed a Notice of

Appeal on November 7, 2000, with a request to file the Notice of Appeal late. He also filed a request

for a certificate of appealability, which was denied by District Judge Milton I. Shadur on November 20,

2000. Black then filed a Notice of Appeal with respect to the denial of a certificate of appealability on

February 13, 2001. On July 2, 2001 final judgment entered by the district court, denying the §2255

motion. On August 7, 2001, Black filed a Notice of Appeal of the final judgment, and the district judge

again denied a request for a certificate of appealability. On October 5, 2001 Black's motion to appeal

*in forma pauperis* was denied, and the appeal was stayed pending resolution of the filing fee issues.

On January 27, 2004, Black filed a motion to set aside judgment pursuant to Rule 60(b)(5) &

(6). Two days later, that motion was denied by the district court. Black filed a Notice of Appeal from

the denial of that motion. On February 10, 2004 Black filed a motion to reconsider his Rule 60(b)

motion, and that motion was also denied. Although not appearing on the public docket, the Clerk's

Office for the Seventh Circuit has indicated that Black's §2255 appeal (Docket No. 04-1350) has

been re-opened as of November 17, 2004, since the filing fee issues have been resolved.

In addition to his §2241 Petition in this District, Black also filed an Application to proceed *in*

*forma pauperis* and waive the $5.00 filing fee (Docket no. 2).

## ANALYSIS

### I. The IFP Application Is Allowed

Black seeks in forma pauperis, to have the $5.00 filing fee waived. Based on his certified

prison account balance for the past six months, and the accompanying financial affidavit, I find the

Petitioner qualifies for *in forma pauperis* status and hereby Grant the Application to proceed Without

3

Prepayment of Fees (Docket No. 2).

  II.  The Court May Screen This Action Pursuant to Section 1915

   To the extent Black seeks to bring this action as a petition for writ of habeas corpus pursuant to

28 U.S.C. §2241, the petition may be screened and summarily dismissed under the rules applicable to

habeas petitions.  See McFarland v. Scott, 512 U.S. 849, 856 (1994)(habeas petition may be

dismissed if it appears to be legally insufficient on its face); 28 U.S.C. §2243 (habeas petition may be

summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law);

Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)(same).

   III. Subject Matter Jurisdiction: §2241 habeas petitions versus
      §2255 motion to vacate, set aside, or correct sentence.

   As a threshold matter, it is imperative to determine whether Black's claims may properly be

raised pursuant to a §2241 habeas petition[3], or must be brought as a motion to vacate, set aside, or

---

[3] Section 2241 provides as follows:

**(a)** Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district
courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be
entered in the records of the district court of the district wherein the restraint complained of is had.

**(b)** The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an
application for a writ of habeas corpus and may transfer the application for hearing and determination to
the district court having jurisdiction to entertain it.

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--

  **(1)** He is in custody under or by color of the authority of the United States or is committed for
  trial before some court thereof; or

  **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an
  order, process, judgment or decree of a court or judge of the United States; or

  **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or

4

correct sentence, pursuant to §2255.[4]   This determination bears not only on whether a filing fee is

**(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

**(5)** It is necessary to bring him into court to testify or for trial.

**(d)** Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

[4] Section 2255 provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence · was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

\*\*\*

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his

5

imposed[5], but also on the question whether this Court has jurisdiction to review the Petitioner's claims.

A §2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; whereas a motion under §2255 must be brought in the sentencing court. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000). The basis for this distinction is that a writ of habeas corpus under §2241 must be "directed to the person having custody of the person detained." 28 U.S.C. §2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 499-500 (1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert denied, sub nom., Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord, Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001).

A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or

---

detention.

***

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[5]There is a $5.00 filing fee for the filing of a §2241 petition, however there is no fee for filing a §2255 motion. Since Black qualifies for *in forma pauperis* status, and I have granted the application to proceed *in forma pauperis*, the fee issue is mooted in this particular case.

6

conditions of a sentence's execution. Gonzalez, 150 F. Supp. 2d at 240; accord, United States v. Barrett, 178 F.3d at 50 n. 10 (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001). By contrast, a motion to vacate, set aside, or correct a sentence under §2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976)(§2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000)(motion under §2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). Since it appears Black's Crawford challenge is attacking not the "execution" of the sentence, but the actual underlying conviction and the sentence itself, the proper district in which to make this attack is the Northern District of Illinois, subject to the limitations imposed as a second or successive petition[6].

_____

[6]In an analogous situation I have held that there is no jurisdiction in this Court for a Massachusetts inmate's §2241 habeas petition based on a challenge under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), where the petitioner was sentenced in the Northern District of Georgia. Orozco-Pulido v. United States of America, Civil Action No. 00-40214-DPW (Memorandum and Order, December 15, 2004, Docket No. 3). See also Doyle v. Winn, Civil Action No. 02-40223-DPW (Memorandum and Order, April 30, 2003, Docket No. 11) (habeas petition attacking sentence itself must be raised in a §2255 motion rather than a §2241 habeas petition). Because the petitioner in Orozco-Pulido was challenging the validity of the sentence, the proper vehicle to challenge his sentence was through a §2255 motion in the Northern District of Georgia rather than in the district court in the state of incarceration.

Similarly, recent case law involving collateral attacks to sentences pursuant to Blakely v. Washington, ___U.S.___, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004) holds that the proper vehicle for such a challenge is through a §2255 motion rather than a §2241 habeas petition or some other basis.

7

While both provisions of §2241 and §2255 authorize challenges to the legality of Black's

continued federal custody, "[i]t is a well established canon of statutory construction that when two

statutes cover the same situation, the more specific statute takes precedence over the more general

one." Coady v. Vaughn, 251 F.3d 480, 484 (3rd Cir. 2001)(comparing §2241 and §2254 habeas

challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411

U.S. 475, 488-489 (1973). The rationale behind this canon in this setting is that under general

circumstances, the use of a §2241 petition rather than a §2255 motion would serve to circumvent

Congress's intent to restrict the availability of second and successive petitions. Coady, 251 F.3d at

484-485.

In this case, because Black previously filed a §2255 motion in the U.S. District Court for the

Northern District of Illinois, that was denied on the merits, any §2255 motion filed by him would

constitute a "second or successive" petition. See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1

(D. Mass. 2000)(a petition is "second or successive" when a previous habeas petition has been

decided on the merits); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000).

---

See, e.g., United States v. Yett, 2004 WL 2368216 (5th Cir. October 21, 2004)(Blakely challenge not
cognizable in the context of a motion under 18 U.S.C. §3582(c)(2))(not selected for publication);
United States v. Stewart, 2004 WL 2270015, at *1 (D. Me, October 5, 2004)(same; motion made
under Fed. R. Crim. P. 35); United States v. Willis, 2004 WL 1918893, at *1 (N.D. Ill., July 12,
2004); See also Cuevas v. C.J. DeRosa, 386 F.3d 367 (1st Cir. October 22, 2004)("...if the Supreme
Court in the future makes Blakely retroactive, the petitioner may at any time attempt to assert a claim
by means of a second or successive §2255 petition."); Garland v. United States of America, 2004 WL
1593438, at *1-2 (N.D. Tex. 2004))(petitioner precluded from bringing Blakely challenge to
conviction under 28 U.S.C. §2241, notwithstanding fact petitioner may be precluded from raising this
claim in a second or successive §2255 motion).

8

Before a party can file a "second or successive" §2255 motion, the motion must be certified by the

appropriate Court of Appeals, as provided in section §2244, to contain (1) newly discovered

evidence..., or (2) **a new rule of constitutional law made retroactive to cases on collateral**

**review by the Supreme Court that was previously unavailable.**  28 U.S.C. §2255 (emphasis

added).  It is this latter provision upon which Black relies in asserting his Crawford challenge.

While I question whether Black may raise the issue until the Supreme Court has acted, see

generally Breese v. Maloney, 322 F. Supp. 2d 109 (D. Mass. 2004) appeal filed (1st Cir. No. 04-

1977), Black's challenge to his sentence under Crawford must be raised in the context of a §2255

motion, before the sentencing judge in the district in which he was sentenced, i.e., the Northern District

of Illinois.  And, since such a motion would be a "second or successive" motion, Black must first seek

permission from the Seventh Circuit Court of Appeals, in order to file.

IV.  Petitioner has failed to show that the remedy under §2255 is inadequate or ineffective
so as to invoke §2241 relief.

Notwithstanding the foregoing discussion finding Black's challenge to be more properly

asserted as a §2255 motion, habeas relief under §2241 "may be appropriate when the remedy

provided under section 2255 is inadequate or ineffective." Garland v. United States of America, 2004

WL 1593438, at *1-2 (N.D. Tex. 2004), citing Jeffers v. Chandler, 253 F.3d 827, 830-831 (5th Cir.

2000), cert. denied, 534 U.S. 1001 (2001).  A §2241 petition "may be entertained when the so-called

"savings clause" in §2255 is satisfied by the petitioner. Jeffers, 253 F.3d at 830.  That clause states, in

relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the
> applicant has failed to apply for relief, by motion, to the court which sentenced him, or

9

that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

Jeffers, 253 F.3d at 830 quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Here, citing this clause, Black claims that a §2255 motion is inadequate or ineffective because "his inability to file a successive or second 2255 motion makes that remedy inadequate or ineffective to test the legality of detention, thereby entitling him to file a petition for Writ of Habeas Corpus under 29 U.S.C. 2241." (Petitioner's Brief in support, pages 8-9). Apart from this simple assertion, Black fails to state specific factual or legal reasons why such relief is inadequate or ineffective. The fact that petitioner may be precluded from raising the Crawford challenge in a second or successive section §2255 motion does not make that remedy "inadequate or ineffective." See Garland, 2004 WL 1593438 at *1 (petitioner precluded from bringing Blakely challenge to conviction under 28 U.S.C. §2241, notwithstanding fact petitioner may be precluded from raising this claim in a second or successive §2255 motion), citing Jeffers, 253 F.3d at 830 ('a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement does not make §2255 inadequate or ineffective.').

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, Petitioner's Application to Proceed *in forma pauperis* is ALLOWED, and the Petitioner's §2241 habeas petition is DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of November, 2004.

10

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

11

# United States Court of Appeals
## For the First Circuit

---

No. 04-2712

MICHAEL BLACK,

Petitioner, Appellant,

v.

DAVID L. WINN, WARDEN AT F.M.C. DEVENS,

Respondent, Appellee.

---

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

JUDGMENT

Entered: May 4, 2005

The government's motion for summary disposition is granted. We agree with the district court that the proper forum for petitioner's claims pursuant to Crawford v. Washington, 541 U.S. 36 (2004) is the sentencing court, in this case the United States District Court for the Northern District of Illinois. See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000). Because petitioner does not challenge the execution of his sentence, but, rather, challenges the constitutional validity of his conviction, §2255, and not §2241, is the proper vehicle for his Crawford claim. Id. Additionally, because petitioner does not substantiate his bald claim that he is "actually innocent," he is not eligible to file a §2241 petition pursuant to the savings clause of §2255. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2000), cert. denied 534 U.S. 1001 (2001).

Therefore, after careful review of the parties' filings and the record, the judgment of the district court dismissing petitioner's §2241 petition is summarily <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

By:   **MARGARET CARTER**
                Chief Deputy Clerk.

[cc: Michael Black, Michael J. Sullivan, USA,
Dina Michael Chaitowitz, AUSA]

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 13, 2005
Decided June 21, 2005

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2731

MICHAEL BLACK,
*Applicant,*

*v.*

UNITED STATES OF AMERICA,
*Respondent.*

On Motion for an Order Authorizing
the District Court to Entertain a
Second or Successive Motion for
Collateral Review

ORDER

Michael Black has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a second or successive collateral attack under 28 U.S.C. § 2255. Black proposes another collateral attack, relying on *Crawford v. Washington*, 541 U.S. 36 (2004). But the partial transcript he submits in support of his proposed claim shows that Agent Forler's testimony about Mr. Foster's statement does not violate *Crawford*. Judge Rosemond explicitly held that the statement was non-hearsay because not used to establish its truth; he then instructed the jury to limit its consideration of the statement to the fact that it was said and influenced Agent Forler's investigation, and that Foster's statement did not establish the identity of the other caller.

Accordingly, we DENY Black's application for permission to file a second collateral attack.