District of Massachusetts

Michael Black
petitioner

v.                                    C.A. No: 05-40150-NG

David L. Winn (Warden)
Respondent

## Petitioner's Response To United States Motion To Dismiss § 2241 Petition

Comes now Petitioner Michael Black (herein after "Black"), with a Response to the United States Motion to Dismiss § 2241 Petition. Black Respectfully Request that the court deny the United States Motion, in light of the precedents announce in Schlup, Carrier and Sawyer.

### Introduction

Black asset the precedent announce in Murray v. Carrier, 477, 91 L Ed 2d, 106 S.Ct. 2639 (1986) the court stated:

"So long that statements at issue, contain material that would establish the accused's actual innocence violation has probably resulted in the conviction of one who is actually innocent, a Federal Court may grant a writ of habeas corpus even in the absence of showing of cause for the procedural default."

Black asserts Exhibits A-I demonstrat factual material evidence of his "Actual innocent" of the crime of conspiracy beyond a reasonable doubt. the government statement that Exhibits A-I " does not constitute newly discovered evidence" "And this material is not newly discovered" and statement such as

"That Certainly Not New." Such Statement Are Irrelevant inlight of the Authority Announce in Carrier, Schlup And Sawyer.

Further more the Supreme Court "has Repeatedly Noted, At Common law did not Attach to a court's denial of habeas Relief." "Instead A Renewed Application could be made to every other judge or court in the Realm, And each court or judge was bound to Consider the question of the prisoner's Right to discharge independently And Not be influenced by the previous decision Refusing discharge. Id Schlup V. Delo 130 L.Ed. 2d 808, 829 (1998)

Black Assert that the governments Response to his § 2241 petition ment to simply mislead the court From the precedent Announce in Bousley And Schlup,

    inwhich the court held:

    Cause and prejudice is not dispositive when fundemantal fairness of a prisoner's conviction is at issue; and that appellate procedural default Should not foreclose habeas Corpus Review of meritorious constitutional claim that may establish A prisoner's Innocence, Bousley V United States 523, U.S. 140 L Ed 2d 828 (1998) (quoting) Schlup V. Delo, 513 U.S 130 L Ed 2d 808.

Black Assert that their can be No graver Miscarriage of Justice then to deny Jurisdiction As well Relife Requested, when exhibits A-I establish overwhelming evidence of Petitioner Actual Innocence, Such evidence in which the government has lable " Arguably exculpatory." Id At p.7 (Government Motion to Dismiss 2241) Black states Exhibits A-I Are not only "Arguably exculpatory"

2.

Rather, Factual Material evidence demonstrating Petitioner's Actual innocence, beyond a reasonable doubt and Further clarifying the courts jurisdiction in § 2241 proceeding.

In *Bousley*, the Supreme Court further clarified that procedural habeas default can be overcome by demonstrating "either cause and actual prejudice ... or ... that he is Actually innocent." (citation omitted).

Black assert that while the government makes notes for the Court of the series of post conviction motion and that Petitioner provides no explanation for why he could not have raised his "Actual innocence" claim in his initial § 2255 petition.

On the other hand the government has failed to inform the Court the series of post conviction motions repeatly attempt to alarm the Courts of the effects of his medical condition on his ability to present himself and evidence of his actual innocence, as well his ability to exercise his appellant rights in those post conviction proceeding

Surely the governments failure to inform the court of the substance of those post conviction proceeding, as it directly relate to Petitioners Actual innocence claim, creats fundamental unfairness in § 2241 proceeding because the court has been mislead by the government by with holding valuable information as it relates to the question of Actual innocence.

3

Black assert the Court is vested with with jurisdiction over this matter as outlined in Carrier, Bousley, Sawyer and Schlup by virtue of 28 USC §2241. Petitioner is claiming "Factual innocence" and "Fundamental Miscarriage of Justice" the appropriate "Rule" for claiming Relief for an Actually Innocent Petitioner is establish by Supreme Court in Schlup and its precedents therefore, the appropriate "Statute" is 28 USC § 2241

Black contends in light of the forgoing the governments motion should be dismiss outright because Petitioner has satisfied both Carrier and Sawyer standard in his factual innocence claim, Petitioner is therefore substantially prejudiced by being in custody for a crime that he did not commit,

## Conclusion

The primary purpose of a habeas corpus proceeding is to make certain that Petitioner is not unjustly imprisoned Therefore, Petitioner states he has demonstrated his factual innocence, as outlined in Exhibits A-I as well he has satisfied both Supreme Court standards set forth in Schlup, Sawyer, Carrier and Bousley as such this Court has jurisdiction to not only entertain Petitioner Petition but to grant Relief to the petitioner, Petitioner Admitted Release and/or evidantary hearing
May the Court so order.

11/6/05

Respectfully Submitted

Michael Black

Michael Black

4

Certificate of Service

This is to Certify that the undersigned pro-se petitioner did mail a true and correct copy of his Petition in Response to the Governments Motion to Dismiss § 2241 Petition

Respondent:
David L. Winn
Federal Medical Center Devens
P.O. Box 880
Ayer MA 01432

on this 11 month day of E 2005

*Michael Black*
Michael Black pro-se
Reg No. 11354-424
FMC Devens
P.O. Box 879
Ayer MA 01432            P.A. Unit

5