```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS
```

MICHAEL BLACK,
       Petitioner                Case No._____

      v.                       MOTION PURSUANT TO RULE
                                60 (b)(6)
                                Federal Rules of Civil
UNITED STATES OF AMERICA,     Procedure.
       Respondent

## MOTION TO SET ASIDE JUDGEMENT PURSUANT TO

## RULE 60 (b)(6) FEDERAL RULE CIVIL PROCEDURES

    COMES NOW Petitioner Michael Black (hereinafter referred to as Black), filing Pro Se and presents the above titled Motion to set aside a judgement imposed on December 22, 2005 under 28 USC § 2241, see attachment "A".

### INTRODUCTION

    Black states, in support of this instant Rule 60(b)(6) Motion and reasons justifying relief from the prior judgement. Black directs this Court's attention to a recent Supreme Court decision in Gonzalez v. Crosby, No. 046432 (6/23/05). Wherein the "Supreme Court" held " A Motion that challenges not the substance of the denial of relief but some defect in the integrity of the Federal Habeas proceeding should not be treated as a second or successive petition. (quoting) Crosby.

    Black states that defects occured in his original 2241 proceed-

ing, consequently undermining the integrity of the proceeding when,

1) The District Court erroneously interpreted the language of savings Clause ,and its language as it relates to "actual innocence".

2) The district court error when it held a unskilled pro-se Petitioner tothat of an skilled attorney.

## ARGUMENT

This instant Rule 60 (b)(6) is geared directly at the defects in the final judgment of the District Court, Black has outlined previous District Court precedent as well the Courts sister circuits opinions that establish the district court defects and unfairness in a 2241 proceeding. See, Gonzalez v. United States, 135 F.Supp 2d 112 (D.Mass 2001) and James v. Walsh, 308 F.3d 162 (2nd Cir.2002).

Black states that it was an error upon the District Court for failing to resolve the "Saving Clause" an error upon the District Court for failing to provide the guidance as to the factors that must be statisfied when filing a 2241, Rule 60(b)(6) fundamental function is the precise mechanism which allow a Petitioner relief from a prior judgement that was defective and undermining the proceeding. See Crosby Supra.

The District Court has held: ("It has not resolved the scope of the "Saving Clause" ) Gonzalez Supra.
" To date the Supreme Court has not provided much guidance as to the factors that must be satisfied to file a Section 2241 Petition". Gonzalez Supra.

" Unfortunately the exact parameters of inadequate or ineffective have yet to be defined". See Gonzalez Supra.

The District Court sister circuit has held that the precise scope of the "Saving Clause" has not been determine for Courts See Pack v. Yusuff, 218 F3d 453 (5th Cir 2000).

Moreover, the District Court evade a valid claim of " Actual Innocence" by ignoring the evidence which supported Section 2241 ( Actual Innocence exeption) which is a mean of circumventing procedural obstruction. See Cooper v. United States, 199 F3d 898, 901 (7th Cir 1991) see also Charles 180 F3d at 757 ( Nothing a claim of actual innocence mightpermit a petition under certain circumstances to utilize section 2241). " As a means of circumventing section 2255's restriction on the filing of Second or Successive habeas petition." (quoting in part) Pack, Supra.

Black states that it was therefore error upon the District Court for failing to evaluate the supporting evidence to a valet claim of "actual innocence" failing to do so created fundamental unfairness and defects in a 2241 proceeding.  The District Courts conducted in that 2241 proceeding are grounds in which relief must be granted in light of the above authority and prevision outline in Rule 60(b)(6).  Also see, Henry J. Friendly, "is innocence irrelevent?" collateral attack on criminal judgment, 38 Uchi,L.Rev 142, 160 (1970).

> " When adjadicating a claim of actual innocence,
> both Court and the parties are "through the looking
> glass" they engage in a fundamentally new inquire
> where previous limitations on evidence do not apply.
> (quoting) Judge Friendly "Is innocence irrelevant".

> " Fairness thus requires that a petitioner who
> asserts that he is innocence in light of all the
> evidence have his claim evaluated in light of all
> the evidence" Id. at 328, 115 Sct. 851 (quoting
> Friendly, U.Chi. L Rev. at 160).

Therefore, it was error upon the District Court for failing to evaluate Black's evidence of his actual innocence claim, that was presented in support of the proposition he is actually innocence. Black states, that the District Court's prior decision in his original 2241 contradicts the Supreme Courts guidance as to "actual innocence" requirement in a federal habeas corpus petition. see <u>Schlup v. Delo</u>, 513 US___, 130 LED 2d 808, 115 Sct___(1995).

> "Federal Habeas Corpus Petitioner required to avoid procedural
> bar, to show only that constitutional violation probably
> resulted in conviction of one who was actually innocent."
> <u>Schlup</u>. supra.

Moreover, the U.S. Const. Act. I, §9, Cl.2 states",the privilege of the writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." Also see <u>James v. Walsh</u>, 308 F.3d 162 (2nd Cir 2002) Also see <u>Green v. Abrams</u>, 984 F2d 41 (2nd Cir 1993).

> " Writ of Habeas Corpus" functions to grant relief
> from unlawful custody or imprisonment." quoting
> <u>Green</u> supra.

Lastly, the District Court error when it held a pro se litigant to that of a skill attorney. The District Court was aware or should have been aware that a pro se litigant like Black could not comprehend the District Court's language when defining issues that the Court them selves had not been provided much guidance to or haven't

-4-

fully resolved, it is a well known fact that the Court's language is meantimes confusing and difficult to understand, how much true is this for Black when Black never finish high school, as well under tons of daily medication, it was therefore, not only an error upon the Court to require attorney qualification from Black, but an unfair advantage in the proceeding. See <u>Simmons v. Abruzzo</u>, 49 F.3d 83 (2nd 1995) <u>Ferran v. Town of Nassau</u>, 11 F.3d 21 (2nd 1993), <u>Baker v. Cuomo</u>, 58 F.3d 814 (2nd Cir.1995) and <u>Haines v. Kerner</u>, 404 US 519 30 LED 2d 652, 92 S.Ct. 594 (1972).

## Grave miscarriage of justice requirement under Rule 60 (b).

Black states, that the exact parameter and scope of 60(b)(6) are resolved, and defined for the District Court, the particular provision in which Black has file under the District Court is with the quidance as to the factors that must be satisfied to file a 60 (b)(6). <u>See</u> <u>Crosby</u> <u>Supra</u>.

The District Courts failure to define or resolve vital issues when face with the "Actual Innocence" of one of it citizen is highly pragmatic and prejudicial, it obstructs the habeas process by diminishing the constitutional intent, consequently undermining the integrity of the habeas proceeding.

Black states that he retains an overriding interest in obtaining relief from the District Court prior judgment, 60 (b)(6) permits relief from such judgment, fundamental fairness permits relief from such a prior judgment. Black has not filed under the more

specific circumstances set out in Rule 60 (b)(1)-(5), he has file under (6) of Rule 60 (b)(6) that permit reopining when the petitioner show " Any ....... Reason justifying relief from the operation of the judgment".

### LAW REGARDING TIMELY FILING OF RULE 60 (b)(6)

The standard for timely filing of a Section (6) of Rule 60(b) is "Reasonable time" See <u>Klapport v. United States</u>, 335 US 60,69,93 LED 266 S.Ct. 384 (1946), which held, "The use of Rule 60 (b) because the Petitioner had been illegally incarcerated and without Counsel for (4) years following judgment challenged."  Also see <u>United States v. Hoffman</u>, 762 F.2d 720, (9th Cir 1985) holding that (5) years delay is permissible where litigants conduct and timely relief was sought upon receipt of notice to the contrary.  Also see <u>United States v. Gristeau</u>, 611 F.2d 181 (1979).... Time limit on Rule 60 (b)(6) is "Reasonable time").

Black has brought this instant Rule 60(b)(6) Motion as an independent action as the term is used in the Federal Rules of Civil Procedures Rule 60 (b).  See <u>United States v. Beggerly</u>, 524 US 38, 141 L.ED 2d 32, 118 S.Ct 1862(1998) Also see <u>Gonzalez v. Crosby</u>, No: 04-6432 (6/23/05).

### CONCLUSION

The defects and serious error in Black 2241 proceeding undermined the inteqrity of the habeas proceeding and improperly cause a grave miscarriage of justice, the District Court evaded a valid claim of

actual innocence, fairness thus requires that a Petitioner who asserts that he is innocence "in light of all the evidence" have his claim evaluated "in light of all the evidence". Id at 328, 115 S.Ct. 851 (quoting Friendly, 38 U.Chi. L.Rev. At 160).

May this Court so order.

Dated on this 20 day of <u>September</u> of the year <u>2006</u>.

Respectfully submitted by

_____
Michael Black
Reg. No. 11354-424
FMC, Devens
P.O.Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I, Michael Black do hereby state under the panalty of perjury that I have mailed a copy of Motion For Relief Pursuant to Rule 60 (b) Federal Rules of Civil Procedure to the below listed person(s):

**CLERK OF THE COURT**
**U.S. COURT HOUSE**
**1 U.S. Court House Way**
**Boston, MA 02210**

This was done by placing it in a sealed envelope, postage prepaid and placed in the hands of the Federal Medical Center, Devens Official at P.O.Box 879, Ayer, MA 01432.

On this _20_ day of September the year 2006.

Respectfully submitted by:

Michael Black
Reg.No. 11354-424
FMC, Devens
P.O.Box 879
Ayer, MA 01432

| | | |
|---|---|---|
| | | (Entered: 09/02/2005) |
| 09/13/2005 | 4 | MOTION for Extension of Time to 11/9/05 to Respond to Memorandum and Order dated 9/1/05 by Michael Black.(Filo, Jennifer) (Entered: 09/14/2005) |
| 09/19/2005 | | Judge Nancy Gertner: ElectronicORDER entered granting 4 Motion for Extension of Time to 11/9/05 to respond to Memorandum and Order dated 9/1/05. (Filo, Jennifer) (Entered: 09/19/2005) |
| 09/29/2005 | 5 | MOTION to Continue Date for 2241 Response to 10/17/05 by David L. Winn.(Bookbinder, Adam) (Entered: 09/29/2005) |
| 09/30/2005 | | Judge Nancy Gertner: ElectronicORDER entered granting 5 Motion to Continue Date for 2241 Response to 10/17/05 (Filo, Jennifer) (Entered: 09/30/2005) |
| 10/17/2005 | 6 | Second MOTION to Continue Date for 2241 Response to 10/21/05 by David L. Winn.(Bookbinder, Adam) (Entered: 10/17/2005) |
| 10/18/2005 | | Judge Nancy Gertner: ElectronicORDER entered granting 6 Second Motion to Continue date for 2241 response to 10/21/05. (Filo, Jennifer) (Entered: 10/18/2005) |
| 10/21/2005 | 7 | MOTION to Dismiss *2241 Petition For Want of Jurisdiction* by David L. Winn.(Bookbinder, Adam) (Entered: 10/21/2005) |
| 10/21/2005 | 8 | EXHIBITS re 7 MOTION to Dismiss *2241 Petition For Want of Jurisdiction* by David L. Winn. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Filo, Jennifer) (Entered: 10/25/2005) |
| 11/09/2005 | 9 | RESPONSE to Motion re 7 MOTION to Dismiss *2241 Petition For Want of Jurisdiction* filed by Michael Black. (Filo, Jennifer) (Entered: 11/16/2005) |
| 11/10/2005 | 10 | MOTION to Appoint Counsel by Michael Black.(Filo, Jennifer) (Entered: 11/16/2005) |
| 12/22/2005 | | Judge Nancy Gertner : Electronic ORDER entered granting 7 Motion to Dismiss, denying 10 Motion to Appoint Counsel. Black has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. 2241. While petitions challenging the merits of a petitioner's conviction must typically be filed pursuant to 28 U.S.C. 2255, Black has attempted to avail himself of a narrow exception to this rule, arguing that he is entitled to file under the 2241 "savings clause." The government disagrees with Black's contention, as does this Court. Like Black's last petition before this Court, this presents the case of a 2255 petition masquerading as a 2241 petition.In United States v. Barnett, 178 F.3d 34, 51 (1st Cir. 1999), the First Circuit noted that a petition cannot be considered "inadequate or ineffective" under 2255--a prerequisite for the application of the savings clause--solely because a petitioner cannot meet the second or successive requirements of 2255. Black has not provided this Court with any argument in support of the proposition that 2255 is either "inadequate or |

| | | |
|---|---|---|
| | | ineffective" and no such rationales are obvious to the Court. Additionally, the First Circuit has made clear that where a petitioner had an opportunity to present a claim in an earlier 2255 but chose not to do so, any ineffectiveness on the part of his 2255 petition is due to him and not 2255. Id. at 53. None of the evidence allegedly supporting Black's claim of "actual innocence" was unavailable to him before he filed his first 2255 petition in the Northern District of Illinois. Consequently, he cannot now claim that 2255 is an ineffective means of challenging his conviction with the currently proffered evidence. In light of the relevant case law, I conclude that Black's petition does not fall within the savings clause exception and that the appropriate mechanism for challenging his conviction is through a 2255 petition to the Northern District of Illinois. Accordingly, this petition is dismissed. (Entered: 12/22/2005) |
| 01/05/2006 | 11 | NOTICE OF APPEAL by Michael Black. Fee not paid, no motion for IFP. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov/clerks/transcript.htm MUST be completed and submitted to the Court of Appeals. Appeal Record due by 1/25/2006. (Hassett, Kathy) (Entered: 01/09/2006) |
| 01/30/2006 | 12 | Certified and Transmitted Record on Appeal to US Court of Appeals re 11 Notice of Appeal, (Ramos, Jeanette) (Entered: 01/30/2006) |
| 02/09/2006 | 13 | USCA Case Number 06-1228 for 11 Notice of Appeal, filed by Michael Black,. (Ramos, Jeanette) (Entered: 02/09/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/25/2006 16:10:43 | | | |
| PACER Login: | us6149 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:05-cv-40150-NG |
| Billable Pages: | 2 | Cost: | 0.16 |

G.Add.53